LANCE, Judge:
The appellant, Kevin J. Rosenberg, an attorney acting on his own behalf, appeals a July 15, 2005, decision of the Board of Veterans’ Appeals (Board). Record (R.) at 1-10. In that decision, the Board denied his claim for basic educational assistance under 38 U.S.C. § 3011. For the reasons set forth below, the Board’s July 2005 decision will be affirmed.
*2 I. BACKGROUND
In August 1992, the appellant joined the University of Arizona’s Naval Reserve Officer Training Corps (NROTC) as a College Program Basic student. R. at 40. In July 1993, the Secretary of the U.S. Navy, acting pursuant to his authority under 10 U.S.C. § 2107, selected the appellant for an NROTC scholarship. R. at 17, 33. The following month, the appellant signed an NROTC Scholarship Service Agreement, the terms of which officially recognized his appointment as a section 2107 midshipman and his entitlement to three years of financial assistance. R. at 17-20. That assistance totaled $3,675 in 1993, $7,350 in 1994, and $3,989 in 1995. R. at 21.
In December 1996, after successfully completing the NROTC program, the appellant was commissioned as an ensign in the U.S. Navy. That same month, he also signed a DD Form 2366, a statement of understanding with respect to his “eligibility to participate in the Veterans’ Educational Assistance Act of 1984 (New GI Bill),” wherein the appellant acknowledged that he was an “ROTC scholarship graduate” and hence “NOT ELIGIBLE” for basic educational assistance under Chapter 30, title 38, U.S.Code. R. at 23. He served honorably in the U.S. Navy from December 1996 until December 2000. R. at 4, 14-15.
In April 2001, the appellant applied for basic educational assistance under 38 U.S.C. § 3011 for the cost of attending law school. R. at 25-27. VA denied that claim, and the appellant appealed. R. at 29. In August 2001, while his appeal was still pending, the appellant enrolled as a full-time student at the Yeshiva University, Benjamin Cardozo School of Law in New York, New York. In January 2002, VA reversed its original decision and issued the appellant a “Certificate of Eligibility” for 36 months of Chapter 30 educational benefits. R. at 55.
In February 2003, the U.S. Navy recalled the appellant to active duty. R. 69-75. This change in military status prompted VA to discontinue his Chapter 30 educational benefits. R. at 5. In June 2003, one month after his release from active duty, VA received the appellant’s request for reinstitution of his Chapter 30 educational benefits. R. at 61-62. In October 2003, the RO notified the appellant that those benefits had been terminated, effective August 27, 2001, because he had received more than $3,400 in financial assistance annually during his participation in the section 2107 NROTC scholarship program. R. at 89-90. While his appeal of that decision was pending, the Secretary waived the $11,109.33 debt the appellant had accrued as a result of the overpayment in Chapter 30 educational benefits he received during his first four semesters of law school. R. at 142-43. The Secretary also granted $3,643.83 in additional equitable relief, an amount equal to the Chapter 30 educational benefits that the appellant, if eligible, would have received during the Fall 2003 semester. R. at 151.
In July 2005, the Board issued the decision here on appeal. The Board found that the appellant was not entitled to Chapter 30 educational benefits because he had received more than $3,400 in financial assistance annually during his participation in the section 2107 NROTC scholarship program. R. at 7-9. The Board further found that it had no legal authority to grant an equitable award of Chapter 30 educational benefits. R. at 9 (citing Harvey v. Brown, 6 Vet.App. 416, 425 (1994)).
II. ANALYSIS
The appellant argues that the Secretary’s interpretation of 38 U.S.C. § 3011 is incorrect and that, even if his interpreta *3 tion is correct, equitable estoppel bars the termination of his Chapter 30 educational benefits. Appellant’s Brief (Br.) at 5-9. The Secretary responds that the plain meaning of 38 U.S.C. § 3011 bars the appellant from receiving basic educational assistance and that there is no merit, therefore, to his equitable estoppel argument. Secretary’s Br. at 6-11.
A. 38 U.S.C. § 3011(c)(3) and 10 U.S.C. § 2107
Section 3011 of title 38, U.S.Code, is the entitlement provision for basic educational assistance. See 38 C.F.R. § 21.7040 (2007); see also Burton v. Nicholson, 19 Vet.App. 249, 251 (2005) (discussing the history of veterans educational assistance). Subsection (c)(3) of section 3011 sets forth the eligibility requirements for veterans who have received financial assistance pursuant to 10 U.S.C. § 2107.[1] It states:
(3) An individual who after December 31, 1976, receives a commission as an officer in the Armed Forces upon completion of a program of educational assistance under section 2107 of title 10 is not eligible for educational assistance under this section if the individual enters on active duty—
(A) before October 1,1996; or
(B) after September 30, 1996, and while participating in such program received more than $3,400 for each year of such participation.
38 U.S.C. § 3011(c)(3). The appellant completed a section 2107 program of educational assistance, was commissioned as an ensign in the U.S. Navy and entered active duty after September 30, 1996, and received more than $3,400 during each of his three years as a section 2107 midshipman. The issue here is whether the appellant is eligible for Chapter 30 educational benefits because he did not receive any section 2107 financial assistance while participating in the NROTC College Program during the 1992-1993 school year (SY).
“ ‘Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure.’ ” Myore v. Nicholson, 489 F.3d 1207, 1211 (Fed.Cir.2007) (quoting McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1328 (Fed.Cir.2005)). Section 3011 states that section 2107 program participants who entered active duty after September 30, 1996, and who received more than $3,400 per year “while participating in such program” are not eligible for basic educational assistance. See 38 U.S.C. § 3011(c)(3)(B) (emphasis added). The appellant argues that he received no financial assistance “while participating in an ROTC program” during the 1992-1993 SY; therefore, he qualifies for the eligibility exception. Br. at 5. He further argues that the statute intends to provide educational benefits to NROTC members, himself included, who “did not receive a full, four year scholarship,” and that. Congress’s decision to increase the maximum allowable amount of ROTC educational assistance from $2,000 to $3,400 in the Veterans Education and Benefits Expansion Act (VEBEA) of 2001, Pub.L. 107-103, § 105, 115 Stat. 983 (codified in part at 38 U.S.C. *4 §§ 3011, 3012), supports these contentions. Br. at 6-7.
Contrary to the appellant’s assertions, the text and structure of the statute make clear that the clause “while participating in such program” refers only to the section 2107 program of educational assistance. See Gardner v. Derwinski, 1 Vet.App. 584, 586 (1991) (“Determining a statute’s plain meaning requires examining the specific language at issue and the overall structure of the statute.”), aff'd sub nom. Gardner v. Brown, 5 F.3d 1456 (Fed.Cir.1993), aff'd 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); Johnson v. Brown, 9 Vet.App. 369, 371 (1996) (When “ ‘the plain meaning of a statute is discernible, that “plain meaning must be given effect.” ’ ” (quoting Tollman v. Brown, 7 Vet.App. 453, 460 (1995))); Smith v. Derwinski, 2 Vet.App. 429, 431 (1992) (If “a reviewing court ‘find[s] the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.’” (quoting Demarest v. Manspeaker, 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991))). The record shows that the appellant was not “specially selected” for section 2107’s financial assistance program until July 1993, and that he did not sign the NROTC Scholarship Service Agreement officially recognizing his appointment as a section 2107 midshipman until August 1993. Thus, his participation in the NROTC as a College Program Basic student during the 1992-1993 SY is simply not relevant to his eligibility for basic educational assistance under the statute.[2] The appellant has not identified anything in the legislative history that would support a contrary interpretation, see Transco Prods. Inc. v. Performance Contracting, Inc., 38 F.3d 551, 556 (Fed.Cir.1994) (“When statutory interpretation is at issue, the plain and unambiguous meaning of a statute prevails in the absence of clearly expressed legislative intent to the contrary.”), and he has not demonstrated that our application of the same would produce an absurd result. See Gardner, 1 Vet.App. at 587 (noting the limited “ ‘absurd result’ exception to the plain meaning rule”). Therefore, we must reject the interpretation urged by the appellant on appeal. See Babbitt v. Oglala Sioux Tribal Public Safety Dep’t, 194 F.3d 1374, 1378 (Fed.Cir.1999) (stating that “we must assume that Congress ‘says in a statute what it means and means in a statute what it says there’ ” (quoting Conn. Nat’l Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992))); Tropfv. Nicholson, 20 Vet.App. 317, 321 n. 1 (2006) (“[A] functioning system of laws must give primacy to the plain language of authorities ... Without standard word meanings and rules of construction, neither Congress nor the Secretary can know how to write authorities in a way that conveys their intent *5 and no practitioner or — more importantly — veteran can rely on a statute or regulation to mean what it appears to say.”).
B. Equitable Estoppel
The appellant argues that equitable estoppel bars the termination of his educational benefits, because he detrimentally relied on YA’s erroneously-issued January 2002 Certificate of Eligibility. The Supreme Court has held that the Appropriations Clause of the Constitution, U.S. Const. art. I, § 9, cl. 7, precludes the judiciary from ordering an award of public funds to a statutorily ineligible claimant on the basis of equitable estoppel. See OPM v. Richmond, 496 U.S. 414, 430, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990); see also Utah Power & Light Co. v. United States, 243 U.S. 389, 408-09, 37 S.Ct. 387, 61 L.Ed. 791 (1917) (holding that “the United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit”). That precedent is controlling here. Accordingly, our determination that the appellant is not eligible to receive basic educational assistance precludes an award thereof on the basis of equitable estoppel. See OPM, 496 U.S. at 434, 110 S.Ct. 2465. (“[I]t is enough to say that this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds.”).
III. CONCLUSION
After consideration of the appellant’s and the Secretary’s briefs, and a review of the record, the Board’s July 15, 2005, decision is AFFIRMED.

. Section 2107 of title 10, U.S.Code, establishes a “[fjinancial assistance program for specially selected members.” It provides that the Secretary of the military department concerned may, subject to certain age restrictions, specially select a citizen or national of the United States for appointment as a cadet or midshipman in the reserve component of the armed forces under his jurisdiction. 10 U.S.C. § 2107(a)-(b). Once the statutorily-required contract is executed, an appointee then becomes eligible to receive financial assistance for “tuition, fees, books, and laboratory expenses,” or, in certain circumstances, for room and board. 10 U.S.C. § 2107(c)(1), (c)(3).

. A section 2107 participant’s eligibility for Chapter 30 educational benefits depends on the amount of financial assistance he or she receives during each scholarship year, not on the total amount of financial assistance received or the absence of such assistance during a non-scholarship period. We acknowledge that this interpretation of the statute may produce unfair results. For instance, a 4-year section 2107 recipient is eligible for additional Chapter 30 educational benefits if, during any one of those 4 years, he or she received $3,400 or less in financial assistance. However, a 2-year section 2107 scholarship recipient is not eligible for such benefits if, during both of those 2 years, he or she received $3,401 in financial assistance. That being said, it is the responsibility of Congress, not the Court, to address any unfairness in the statute as written. See Ciba-Geigy Corp. v. United States, 223 F.3d 1367, 1373 (Fed.Cir.2000) ("It is Congress's task to change the words of the statute.”); see also United States v. Missouri Pac. R.R. Co., 278 U.S. 269, 277-78, 49 S.Ct. 133, 73 L.Ed. 322 (1929) ("Inconvenience or hardships, if any, that result from following the statute as written, must be relieved by legislation.”).