NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7072


KEVIN J. ROSENBERG,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.


Kevin J. Rosenberg, of Brooklyn, New York, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lancer, Sr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7072

KEVIN J. ROSENBERG,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3184, Judge Alan G. Lance, Sr.

_____

DECIDED:   October 10, 2008

_____

Before MAYER, FRIEDMAN, and DYK, Circuit Judges.

PER CURIAM.

Kevin J. Rosenberg appeals the judgment of the Court of Appeals for Veterans Claims, which affirmed the Board of Veterans' Appeals decision denying his claim for basic educational assistance under 38 U.S.C. § 3011, known as Chapter 30 educational benefits.  Rosenberg v. Mansfield, No. 05-3184 (Vet. App. Aug. 21, 2007).  We affirm.

In August 2002, Rosenberg entered the University of Arizona's Naval Reserve Officer Training Corps ("NROTC") Unit as a student in the College Program.  He did not receive financial assistance for his first year in the program.  In July 1993, however, he

was selected as a midshipman, and awarded a three-year NROTC scholarship pursuant to 10 U.S.C. § 2107. His scholarship awards totaled $3,675 in 1993, $7,350 in 1994, and $3,989 in 1995. In December 1996, he signed a Department of Defense Form 2366, in which he acknowledged that he was an NROTC scholarship graduate and therefore not eligible for Chapter 30 educational benefits.

After serving honorably in the Navy for four years from 1996-2000, in August 2001 he enrolled as a full time law student at the Cardozo School of Law. To assist with the cost of law school he applied for Chapter 30 educational benefits, which the Department of Veterans Affairs ("VA") denied. He began matriculating while he appealed the denial, and in January 2002 the VA reversed its decision and found him eligible for 36 months of Chapter 30 educational benefits. Rosenberg returned to active duty from February 2003 to May 2003, mid-way through his law school career. When he returned from active duty, he applied to have his Chapter 30 educational benefits restored. The VA informed him that the benefits were terminated when he ceased attending school, and that he was ineligible for their reinstatement. Nevertheless, the VA decided not to seek reimbursement of the Chapter 30 educational benefits already disbursed to Rosenberg during his first four semesters of law school, and granted him an additional semester of the benefits in equitable relief. Rosenberg appealed to the board.

He argued that he qualified for Chapter 30 educational benefits because: (1) he did not receive financial assistance pursuant to 10 U.S.C. § 2107 during his first year of enrollment in the NROTC program, and (2) equitable estoppel bars the VA from denying him continuation of the 36 months of benefits for which they found him eligible in 2002.

The board denied his appeal, finding that he failed to meet the eligibility criteria for Chapter 30 educational benefits as a matter of law, and that the board's previous grant of eligibility was erroneous.

Specifically, the board noted that the plain language of 38 U.S.C. § 3011(c)(3) disallows eligibility for Chapter 30 educational benefits to an individual like Rosenberg, who entered active duty after September 30, 1996, and who received more than $3,400 *during each year of participation in a 10 U.S.C. § 2107 program of educational assistance*. 38 U.S.C. § 3011(c)(3)(B); 38 C.F.R. § 21.7042(f)(3). Contrary to Rosenberg's contention, the relevant parameters for Chapter 30 eligibility for educational benefits under section 3011(c)(3) are limited by the amount of financial assistance received during years of participation in a 10 U.S.C. § 2107 program of *educational assistance*, not during years of participation in an ROTC program generally. Non-scholarship years, such as Rosenberg's first year in the NROTC program, are therefore irrelevant to the eligibility inquiry. Because Rosenberg received at least $3,675 for each year of his participation in a section 2107 program of educational assistance, the board found no legal authority for granting him eligibility for the Chapter 30 educational benefits.* Indeed, a midshipman appointee is not even eligible to receive financial assistance in a section 2107 program until the statutorily required contract is executed. 10 U.S.C. § 2107(b)(4), (b)(5), (c)(1), (c)(3). This did not occur until 1993, in Rosenberg's second year of college. As such, the board found

---

* It is noteworthy that Rosenberg's suit ultimately challenges only one semester of educational assistance. The DVA used its equitable discretion to endow Rosenberg with financial assistance to which he was not legally entitled for five out of six semesters of law school as a result of its 2002 mistake in granting him a Certificate of Eligibility for Chapter 30 educational benefits.

unpersuasive Rosenberg's assertion that his first year of college should count as a year in which he participated in a section 2107 financial assistance program even though he received no financial assistance that year.

The Veterans Court agreed with the board's analysis, concluding that the terms of section 3011 unambiguously state that a section 2107 participant's eligibility for Chapter 30 educational benefits depends upon the amount of financial assistance received during each scholarship year, without regard to non-scholarship years. The court also addressed his equitable estoppel argument.  Relying on OPM v. Richmond, 496 U.S. 414, 426 (1990), the court decided that because the Appropriations Clause precludes the judiciary from granting a statutorily ineligible claimant public funds on the basis of equitable estoppel, his argument must fail.  We agree with the Veterans Court and the board.  Because Rosenberg did not participate in a section 2107 financial assistance program during his first year of college, there is no basis to use that year as an exception to the eligibility rule set out in section 3011 with respect to Chapter 30 educational benefits.  The Veterans Court was also correct in its interpretation of the law of equitable estoppel.  Accordingly, we affirm.