KASOLD, Chief Judge,
with whom HAGEL, MOORMAN, and LANCE, Judges, join, concurring in part and dissenting in part:
We fully concur with the per curiam opinion in its holding that deference is warranted to the Secretary’s interpretation of § 3.157(b), and that § 3.157(b) is not applicable to the effective date of Mr. Pacheco’s award of disability compensation. On the other hand, we dissent from the Maggitt remand regarding § 3.156(c). As there have been no newly discovered service records since the last final decision on the merits of Mr. Pacheco’s claim in March 1978, we do not believe § 3.156(c) is for application. See 38 C.F.R. § 3.156(c)(1) (pertaining to service records that “had not been associated with the claims file” at the time of the previous decision).
Mr. Pacheco argues that, pursuant to § 3.156(c), he is entitled to an effective date of February 28, 1974, the date the Secretary received his original claim for benefits for his disabilities. In support of his argument, he notes that, when his claim was denied in July 1974, the Secretary did not yet have access to the Army records that document his hospitalization and sickness during 1943 or the 1998 NPRC letter summarizing those records. Mr. Pacheco further argues that, because those later-obtained records contributed to his successful claim for benefits for his disabilities, § 3.156(c) mandates an effective date going back to his original claim on that issue.
Although Mr. Pacheco is correct that the July 1974 denial did not take into account the morning reports reflecting an in-service hospitalization, he fails to recognize that the last previously decided claim on the merits was a March 1978 denial of service connection that considered the morning reports, and that decision was not appealed and became final. Succinctly stated, Mr. Pacheco fails to demonstrate how a 1974 effective date is warranted in light of the intervening and final March 1978 rating decision that considered the morning reports. See Hilkert v. West, 12 Vet.App. 145, 151 (1999) (en banc); 38 C.F.R. § 3.156(c)(1) (pertaining to service records that “had not been associated with the claims file” at the time of the previous decision); see also Cook v. Principi, 318 F.3d 1334, 1339 (Fed.Cir.2002) (en banc) (outlining the narrow exceptions to the rule of finality).[8]
*35 Since the March 1978 rating decision is final, Mr. Pacheco is foreclosed from arguing errors in the adjudication procedure leading up to that decision unless or until he files a motion for revision of that decision on the basis of CUE. See 88 U.S.C. § 5109A(a); 38 C.F.R. § 3.105(a) (2014). This is not to say that the March 1978 rating decision correctly applied the law, including § 3.156(c). Rather, the correctness of the March 1978 rating decision is simply not before the Court, as it was not before the Board. See Jarrell v. Nicholson, 20 Vet.App. 326, 330-32 (2006) (en banc) (holding that both the Court and the Board lack jurisdiction over claims not first presented to and adjudicated by the RO (citing Godfrey v. Brown, 7 Vet.App. 398, 410 (1995))). Mr. Pacheco failed to appeal that decision, and it therefore may be challenged only through a statutorily authorized collateral attack.[9] See DiCarlo v. Nicholson, 20 Vet.App. 52, 57-58 (2006) (citing Cook, 318 F.3d at 1337).
The 1998 NPRC letter and additional records received in October 2008 do not change our analysis. First, even if the 1998 NPRC letter summarizing already received records constituted a service department record, that letter did not exist in 1974 or 1978, such that it does not meet the enumerated criteria of § 3.156(c)(2), which notes that subsection (c)(1) does not apply to records that “did not exist when VA [previously] decided the claim.” Moreover, the service records received in October 2008 are identical to those submitted in 1978, compare R. at 196, 198, and 200, with R. at 1294,1297, and 1300; therefore, these records were previously associated with the claims file at the time the Secretary previously decided the claim, such that § 3.156(c) is not for application. See 38 C.F.R. § 3.156(c)(1) (pertaining to service records that “had not been associated with the claims file” at the time of the previous decision), (c)(3) (providing for effective date based on, inter alia, “the previously decided claim”); cf. Voracek v. Nicholson, 421 F.3d 1299, 1305 (Fed.Cir. 2005) (examining a record “on its face” to determine whether it was material).
Accordingly, although we concur with the holding of the per curiam order on § 3.157(b), we dissent to the remand based on § 3.156(c).[10]

. With regard to Judge Greenberg’s discussion of equity, it is indisputable that equitable relief is unavailable where it is otherwise restricted by law. See Rosenberg v. Mansfield, 22 Vet.App, 1, 5 (2007) ("The [U.S.] Supreme Court has held that the Appropriations Clause of the Constitution, U.S. Const, art. I, § 9, cl. 7, precludes the judiciary from ordering an award of public funds to a statutorily ineligible claimant on the basis of equitable estop-pel.” (citing OPM v. Richmond, 496 U.S. 414, 430, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990))), aff’d sub nom. Rosenberg v. Peake, 296 Fed.Appx. 53 (Fed.Cir.2008); Andrews v. Principi, 16 Vet.App. 309, 316 (2002) ("[OPM ] held that payments from the Federal Treasury are limited to those authorized by statute ....”), aff'd, 351 F.3d 1134 (Fed.Cir. 2003). Congress specifically has ordered that the effective date of an award based on a claim to reopen "shall not be earlier than the date of receipt of application therefor,” absent certain specific circumstances. 38 U.S.C. § 5110(a); see Andrews, 351 F.3d at 1138 ("Congress’s intent is unmistakably clear that the effective date can be earlier than the 'date of receipt of application' only if 'specifically provided otherwise’ in § 5110.”); see also Leonard v. Nicholson, 405 F.3d 1333, 1337 (Fed.Cir.2005) ("[Appellant] cannot receive disability payments for a time frame *35 earlier than the application of his claim to reopen, even with new evidence supporting an earlier disability date. To hold otherwise would also vitiate the rule of finality ..., [which] ‘preclude^] repetitive and belated re-adjudications of veterans’ benefits claims.' ” (quoting Cook, 318 F.3d at 1339)); Sears v. Principi, 349 F.3d 1326, 1331 (Fed.Cir.2003) (finding it reasonable for Secretary to provide different effective date policies for claims “originally denied due to error or inattention on the part of the government” and claims in which new and material evidence “was not presented earlier, either due to inattention by the veteran or his representatives or subsequent advances in medicine and science”). Succinctly stated, assigning a 1974 effective date would contravene the law. See OPM, Leonard, and Andrews, all supra.

. If Mr. Pacheco believes that the final March 1978 rating decision contains CUE, he is free to file below a motion for revision of the rating decision based on CUE. See 38 C.F.R. § 20.1404.

. Although Judge Pietsch correctly notes that the Secretary has not presented his views on § 3.156(c) in this litigation, it is only because Mr. Pacheco raised the issue so late in the process. The issue could have been ignored entirely by the Court, see Fugere v. Derwinski, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process ... hinders the decision-making process and raises the undesirable specter of piecemeal litigation.”), but, as one can see, that is not the case. Having accepted the issue, I note that the Secretary’s position was argued in Blubaugh v. Shinseki, No. 12-0483, 2013 WL 1897179 (Vet.App. May 7, 2013), and to the U.S. Court of Appeals for the Federal Circuit in Blubaugh v. Gibson, Fed. Cir. No. 13-7119, and therefore *36 is known to the public; it is consistent with the plain interpretation and applicable case law stated in the text of this separate statement. See Tyrues v. Shinseki, 26 Vet.App. 31, 33 n. 3 (2012) (en banc) (noting that the Court may take judicial notice of pleadings filed in another case), aff'd, 732 F.3d 1351 (Fed.Cir.2013).