GREENBERG, Judge,
concurring in part and dissenting in part:
I concur as to the Court’s remand of this case, dissent as to its affirmance of any part of the Board decision, and ultimately would go much further than my colleagues in resolving this case. Our Court must not continue to show deference to the Secretary’s interpretations of statutes and regulations where, as here, doing so contravenes the long-applied veterans “canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries’ favor.” King v. St. Vincent’s Hospital, 502 U.S. 215, 220-21, n. 9, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991); see also Henderson v. Shinseki, 562 U.S. 428, 131 S.Ct. 1197, 1206, 179 L.Ed.2d 159 (2011); Coffy v. Republic Steel Corp., 447 U.S. 191, 196, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980) (Vietnam Era Veterans’ Readjustment Assistance Act of 1974, 38 U.S.C. § 2021 et seq., “is to be liberally construed for the benefit of the returning veteran”); *43 Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946) (Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C. Appendix § 301 et seq., “is to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need”). The appellant is a 94-year-old veteran of combat in the Southwest Pacific in World War II who was injured in a foxhole during an enemy air raid and has suffered from right knee and hip disabilities ever since. R. at 960. Instead of deferring to the Secretary on any matter here, the Court should exercise its statutory and inherent — that is, constitutional — powers of equity, to ensure justice for this veteran.
In the matter of deference, I would not reward the Secretary for writing an ambiguous, and unintelligible, regulation. Thus, I would give no deference to his interpretation of 38 C.F.R. § 3.157(b). As stated by Chief Justice Roberts, “[t]he rise of the modern administrative state has not changed” the “ ‘duty of the judicial department to say what the law is,’ ” City of Arlington v. FCC, — U.S.-, 133 S.Ct. 1863, 1880, — L.Ed.2d-(2013) (Roberts, C.J., dissenting) (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803)), and as noted by Justice Scalia, “Auer [v. Robbins, 519 U.S. 452, 462, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) ] deference is ... a dangerous permission slip for the arrogation of power” by administrative agencies. Decker v. Nw. Envtl. Def. Ctr., — U.S. -, 133 S.Ct. 1326, 1339, 1341, 185 L.Ed.2d 447 (2013) (Scalia, J., dissenting) (declaring, with regard to judicial deference to agency interpretations of regulations, that “[e]nough is enough”). More broadly, I conclude that, regardless of regulations that limit the original statutory command concerning effective dates and impose a rule of finality, the Court should prevent an unjust outcome here, by returning the veteran’s claim for assignment of an effective date of February 28, 1974, the day he first filed for benefits. R. at 1386; see 38 U.S.C. § 5110(a) (“[T]he effective date of an award ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.”).
The Court must be guided foremost by the veterans canon when it applies the law. The statutes and regulations relevant in this case should be interpreted and applied in light of that canon, particularly as “[i]t is presumable that Congress legislates with knowledge of our basic rules of statutory construction.” McNary v. Haitian Refugee Center, Inc., 498 U.S. 479, 496, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991); see also United States v. Oregon, 366 U.S. 643, 647, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961) (“The solicitude of Congress for veterans is of long standing.”); Shinseki v. Sanders, 556 U.S. 396, 416, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) (Souter, J., dissenting) (congressional solicitude for veterans is plainly reflected in the Veterans’ Judicial Review Act of 1988, 38 U.S.C. § 7251 et seq. (VJRA), as well as in subsequent laws that “place a thumb on the scale in the veteran’s favor in the course of administra^ tive and judicial review of VA decisions.”).
Informed by clear congressional intent, and the judicial tradition of executing that intent when reviewing veterans benefits,[16] *44 the Court should apply well-settled principles of equity to provide an adequate remedy. The veteran’s February 1974 claim was denied for a lack of medical nexus, but the facts at the time of that filing, verified by VA’s satisfactory medical report in 2001, were ultimately sufficient to substantiate a claim for benefits. R. at 505, 808. I would thus enjoin the Secretary from refusing to assign the veteran an effective date of the original claim, that is, an effective date of February 28, 1974. See 38 U.S.C. § 5110(a).
Acknowledging our repeated insistence in our caselaw that “this Court is not a court of equity and cannot provide equitable relief,” Moffitt v. Brown, 10 Vet.App. 214, 225 (1997), I would reject as unpersuasive and unfounded this fundamentally incorrect application of our judicial power. See Califano v. Yamasaki, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (“Absent the clearest corhmand to the contrary from Congress, federal courts retain their equitable power ____”); see also Rosenberg v. Mansfield, 22 Vet.App. 1, 6 (2007) (Kasold, J., concurring) (“Indeed, as with any federal court, [the Court has] all the authority necessary to exercise equitable jurisdiction and direct equitable relief not otherwise restricted by law.”). Nothing in the VJRA or its amendments contained in the Veterans Programs Enhancement Act, Pub.L. No. 105-368, 112 Stat. 3315, § 501 et seq., indicates that Congress intended to preclude this Court from granting equitable relief in its review of veterans benefits matters. Rather, the continued application of equitable doctrines at this Court without congressional intervention suggests the opposite: that we may, and here' must, apply, in the interest of justice, equity. See, e.g., Cox v. West, 149 F.3d 1360, 1363-64 (Fed.Cir.1998) (the Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651); Padgett v. Nicholson, 473 F.3d 1364, 1368 (Fed.Cir.2007) (holding that, in light of the purpose of the Court’s role in veterans benefits, “[i]t would be incongruous if the authority to provide nunc pro tunc relief were not available to the [Court]”); see also Bove v. Shinseki 25 Vet.App. 136, 143 (2011) (per curiam order) (Court may “independently weigh the facts to determine if equitable tolling is appropriate” for the 120-day time limit for appeals).
We must provide equitable remedies to deserving veterans and harmonize our jurisprudence with the veterans canon, ap *45 plying the full extent of our powers when appropriate. It is right that after 70 years of pain and suffering, and 40 years of pursuit of an adequate administrative remedy, the time has come for equity to aid the diligent. Let right be done, at last. Although I concur to ensure a remand of the appellant’s claim, more broadly I dissent.

. See, e.g., Hayburn's Case, 2 U.S. 408, 2 Dali. 409, 1 L.Ed. 436 (1792) (describing the attempts of circuit courts to circumvent the unconstitutionality of the Invalid Pensioners Act of 1792); Marbury, 5 U.S. (1 Cranch) at 164 (posing the question, "the secretary at war is ordered to place on the pension list [for compensation], all persons whose names are contained in a report previously made by him to congress. If he should refuse to do so, *44 would the wounded veteran be without remedy?”); U.S. ex. rel. Miller v. Raum, 135 U.S. 200, 204, 10 S.Ct. 820, 34 L.Ed. 105 (1890) (finding that, although "the courts will not interfere with the executive officers of the government in the exercise of their ordinary official duties,” the Supreme Court could compel the payment of a veteran’s disability pension by mandamus); Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943) (noting that Soldiers' and Sailors’ Civil Relief Act of 1940, 50 U.S.C. § 501 et seq., was "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation”); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) (considering, but ultimately denying, applicability of the Federal Tort Claims Act, 28 U.S.C, § 1346(b), to service-related injuries); Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed,2d 389 (1974) (holding that judicial review of constitutional challenges to veterans benefits legislation was available even though Congress had foreclosed judicial review of individual benefits determinations); Conroy v. Aniskoff, 507 U.S. 511, 514, 113 S.Ct. 1562, 123 L.Ed.2d 229 (1993) (holding that the Soldiers’ and Sailors’ Civil Relief Act of 1940 was "unambiguous, unequivocal, and unlimited,” without contextual conditions for its protections); Henderson, 131 S.Ct. at 1206 (finding that the 120-day deadline for seeking Court review was not jurisdictional and did not "carry the harsh consequences” of a jurisdictional rule).