LANCE, Judge,
concurring in the result:
Although I agree with my colleagues that the November 28, 2014, Board decision should be remanded for the Board to determine whether the appellant detrimentally relied on the January 1982 misleading notice, I cannot join the majority’s constitutional analysis, and so I am compelled to write separately.
I agree with the majority’s conclusion that the one-year period to submit evidence set forth in 38 U.S.C. § 3003(a) is not subject to equitable tolling, as it is not a statute of limitations. I disagree, however, with the majority’s decision to reach the merits of the appellant’s due process argument. Although I concur that a remand is warranted for the Board to determine whether the appellant relied to his detriment on the January 1982 notice, the fact that the Court can remand the matter on that basis renders the majority’s constitutional analysis unnecessary to the decision and thus premature. Rather than address whether the January 1982 notice violated the appellant’s Fifth Amendment due process rights, I would exercise judicial restraint and wait to decide that question until the Board makes the requisite underlying factual determinations. See Bucklinger v. Brown, 5 Vet.App. 435, 440-41 (1993) (“It is ‘[a] fundamental and longstanding principle of judicial restraint ... that courts avoid reaching constitutional questions in advance of the necessity of deciding them.’” (quoting Lyng v. Nw. Indian Cemetery Protective Ass’n, 485 U.S. 439, 445, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988))); see also Quirin v. Shinseki, 22 Vet.App. 390, 396 (2009) (holding that “the Court will not ordinarily consider additional allegations of error that have been rendered moot by the Court’s opinion or that would require the Court to issue an advisory opinion”).
*135 Judicial restraint is particularly appropriate in this case in light of the fact that neither party expressly raised the issue of due process in their initial briefing to the Court. See Appellant’s Br. at 1-13; Secretary’s Br. at 1-13. The appellant’s sole argument in his initial brief is that the Board erred by failing to discuss whether equitable tolling could be applied, as VA’s January 1982 letter misrepresented the time to submit evidence set forth in 38 C.F.R. § 3.158(a) (1988). Appellant’s Br. at 3-13. Indeed, he did not raise the issue of due process until his supplemental memorandum of law in response to the Court’s October 30, 2015, supplemental briefing order. Appellant’s Supplemental Memorandum at 2-3, 5. As a result, the constitutional issue is simply not sufficiently developed on appeal. Accordingly, a remand for additional factual development at the Board would build the proper foundation for the Court to make a fully informed decision when and if it is necessary to do so.
I also write separately to emphasize that the equitable relief that the appellant seeks is available at the Secretary’s discretion pursuant to 38 U.S.C. § 503(a). This Court “is not a court of equity” and cannot mandate an award of benefits in the absence of statutory entitlement. Moffitt v. Brown, 10 Vet.App. 214, 225 (1997); see Rosenberg v. Mansfield, 22 Vet.App. 1, 5 (2007) (“The [U.S.] Supreme Court has held that the Appropriations Clause of the Constitution, U.S. Const, art. I, § 9, cl. 7, precludes the judiciary from ordering an award of public funds to a statutorily ineligible claimant on the basis of equitable estoppel.” (citing OPM v. Richmond, 496 U.S. 414, 430, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990))), aff'd sub nom. Rosenberg v. Peake, 296 Fed.Appx. 53 (Fed.Cir.2008). The Secretary, on the other hand, has the authority to grant equitable relief when he determines that an administrative error was committed by the Federal Government or any of its employees, or if a claimant suffered loss as a result of relying on an erroneous determination by VA. See 38 U.S.C. § 503(a). Given the Board’s concession that the January 1982 notice was misleading, R. at 8, the appellant may wish to seek equitable relief pursuant to 38 U.S.C. § 503(a).