# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-2711

DANIEL GARZA, JR., APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided            August 11, 2016)

*Angela K. Drake*, of Columbia, Missouri, was on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *Edward V. Cassidy, Jr.*, Deputy Chief Counsel; and *Rebecca A. Baird*, all of Washington, D.C., were on the brief for the appellee.

Before LANCE, DAVIS, and SCHOELEN, *Judges*.

SCHOELEN, *Judge*: The appellant, Daniel Garza, Jr., appeals a May 9, 2014, Board of Veterans' Appeals (Board) decision in which the Board denied entitlement to an eligibility date prior to April 16, 2010, for educational assistance under chapter 33, title 38, U.S. Code (Post-9/11 GI Bill). Record of Proceedings (R.) at 1-7. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). This case was referred to a panel to discuss the interaction and applicability of 38 C.F.R. §§ 21.9570 and 21.9625 and to determine whether the Department of Defense (DoD) has exclusive authority to revise effective dates for educational assistance benefits. For the reasons discussed below, the Court will affirm the Board's May 2014 decision.

# I. BACKGROUND

The appellant, Daniel Garza, Jr. (Mr. Garza), is the adult son of Daniel Garza, Sr., who served on active duty in the U.S. Army from March 1984 to July 1987, with subsequent periods of service in the Army National Guard from February 2005 to April 2006, October 2008 to November 2008, and August 2009 to July 2010. R. at 53.

Mr. Garza attended ITT Technical Institute (ITT), and, in April 2010, received notice from ITT's financial aid office that a tuition payment of more than $15,000 needed to be paid to maintain his enrollment. R. at 69. Mr. Garza and his mother both stated that they contacted the veteran, who was deployed at the time. R. at 43, 72. On April 16, 2010, the veteran submitted an online application to transfer his educational benefits under the Post- 9/11 GI Bill to Mr. Garza.[1] R. at 43, 58, 72.

On May 26, 2010, DoD notified the veteran that his service department had approved transferring 5 months of his educational benefits to Mr. Garza effective April 16, 2010. R. at 58. The letter stated that the veteran requested the transfer on April 16, 2010, and that his dependent, Mr. Garza, was awarded 5 months of educational assistance benefits with a beginning date of April 16, 2010, and an end date of September 1, 2010. *Id.* The letter explained that the veteran's "family members can apply to use their transferred benefits with the [VA] by completing VA Form 22-1990e, [Application for Family Member to Use Transferred Benefits.]" *Id.* The letter also informed the veteran that he had the ability to "make additions, changes, or revocations to the eligible family members and/or adjust the distribution of the transferred months through the [Transfer of Education Benefits (TEB)] website, as long as [he] stay[ed] in the Armed Forces," but "[o]nce separated, [he had to] make changes or revocations by contacting the VA." *Id.*

On May 27, 2010, Mr. Garza submitted VA Form 22-1990(e) to use the veteran's transferred benefits. R. at 59-63. In June 2010, the VA regional office (RO) issued Mr. Garza a "Certificate of

---

[1] As the Secretary notes in his brief, the veteran applied online via a DoD website. Secretary's Brief (Br.) at 3 n.1. Accordingly, the record does not contain the veteran's original application to transfer benefits. *See id.* However, subsequent to the veteran's initial application, the DoD conveyed and confirmed the information contained in the original application to VA. R. at 49-54. Moreover, there is no dispute that the veteran applied online to transfer his Post-9/11 GI Bill educational benefits to Mr. Garza on April 16, 2010. Appellant's Br. at 2; Secretary's Br. at 3.

Eligibility," which notified him that 5 months of the veteran's educational benefits were available for his use. R. at 57, 115-17.

In October 2010, Mr. Garza's mother submitted a statement to VA seeking to have the veteran's application for benefits backdated to August 1, 2009. R. at 71-73. In it, she explained that in August 2009, she received a phone call from ITT's financial aid department seeking information related to Mr. Garza's financial aid application. R. at 71. She asked to be informed whether there would be any problems with her son's financing but heard nothing back. *Id.* She further stated that after her son received the April 2010 letter from ITT, she contacted the school and they informed her "that no financing had been done for [Mr. Garza] dating back to August 2009." *Id.* The appellant's mother acknowledged the RO's June 2010 letter "stating that the benefits could only go back as far as April [2010] since that is when my husband applied," and explained that "the only reason we applied in April was because that's when we were informed no financing had been done on my son[']s behalf" and that "[i]f we had known earlier[,] we would have applied earlier." *Id.*

In September 2010, the RO notified Mr. Garza that ITT had submitted his enrollment certification and awarded him 5 months of educational benefits, beginning April 16, 2010. R. at 74-76.

In February 2011, the RO notified Mr. Garza that VA could not accept a Notice of Disagreement (NOD) from his mother and informed him that the NOD must be submitted by Mr. Garza. R. at 47. The RO also stated that it had contacted DoD to verify the effective date of the transfer of benefits, and that the veteran's approval date was April 16, 2010. *Id.*; *see* R. at 49-54 (service department verification). The RO further stated that "DoD makes this determination not the VA." R. at 47. Therefore, the RO informed Mr. Garza that he was not eligible to receive benefits before April 16, 2010. *Id.*

In May 2011, Mr. Garza submitted an NOD arguing for an August 2009 effective date. R. at 44. He stated that upon calling VA and DoD, he was told that the date may be modified, "yet no one person can walk me thru [sic] it." *Id.* He acknowledged the DoD letter stating that the date of his father's transfer was April 10, 2016, and requested that he "have the opportunity to change the date from April 16, 2010, back to August 1, 2009." *Id.*

In June 2011, the RO issued a Statement of the Case (SOC) that found that VA took appropriate action based on the DoD record. R. at 24-38. The RO explained that "[DoD] determines eligibility for individuals to transfer benefits to their dependants under the Post-9/11 GI Bill," that based on DoD records, Mr. Garza's "date of eligibility under the transfer of entitlement provision is April 16, 2010," and, thus, "[b]enefits cannot be paid before the date of eligibility." R. at 27. The RO further stated that "VA cannot change a DoD decision. The *veteran* should contact DoD directly for possible resolution." R. at 37 (emphasis added).

In February 2012, Mr. Garza perfected his appeal to the Board, stating that ITT did not notify him until April 2010 that "no financing had been done from August 2009." R. at 23. He asserted that after he was notified, he contacted the veteran, who then applied to have his educational benefits transferred to Mr. Garza. *Id*. Because ITT erred in handling his financing, Mr. Garza contended that his benefits should be backdated to August 1, 2009. *Id*.

In the May 2014 decision on appeal, the Board found that "DoD approves the transfer of entitlement to educational assistance under 38 U.S.C. Chapter 33, and assigns the date of eligibility." R. at 4 (citing, *e.g.*, 38 C.F.R. § 21.9570). The Board concluded that "VA has no authority to revise such a DoD determination," and therefore denied Mr. Garza an eligibility date prior to April 16, 2010, for educational assistance under chapter 33. R. at 4.

## II. THE PARTIES' ARGUMENTS

Mr. Garza argues that the Board's denial of his claim was premised on the Board's erroneous legal conclusion that DoD has exclusive authority to assign or revise the eligibility date for a transfer of educational benefits. Appellant's Br. at 3. Mr. Garza asserts that the Board failed to consider statutes and regulations that he contends give VA authority to revise DoD's determination. *Id.* Specifically, he cites 38 C.F.R. § 21.9625, which states that "'[VA will] determine the beginning date of an award or increased award of educational assistance under this section.'" *Id*. at 7-8 (quoting 38 C.F.R. § 21.9625). Mr. Garza argues that this regulation, along with 38 U.S.C. § 3319, reveals that DoD does not have exclusive authority; rather, that regulation and statute provide that DoD works in coordination with VA. *Id.* (referring to 38 U.S.C. § 3319(j) ("The Secretary of Defense, in coordination with the Secretary of Veterans Affairs, shall prescribe regulations for purposes of this

4

section."")). Mr. Garza asserts that 38 C.F.R. § 21.9570 gives VA the authority to accept a transferor's designations as shown on any document signed by the transferor and that the Board failed to explain why this provision would not allow the veteran to transfer his benefits to Mr. Garza through a signed document. Appellant's Br. at 7-8 (citing 38 C.F.R. § 21.9570(d)(2)). Finally, Mr. Garza maintains that VA failed in its duty to notify and assist because it did not inform him that the veteran could submit to VA a signed document modifying the effective date. *Id.* at 9-10 (referring to 38 C.F.R. § 21.9570(d) and (g)).

The Secretary argues that the Board's decision should be affirmed as a matter of law as § 21.9625(j) states clearly that only the date of approval by DoD or the date the veteran specified in his application for transfer could be the beginning date for the transferred benefits. Secretary's Br. at 6-12. Citing the DoD Manual, the Secretary explains that the effective period for the transfer of benefits must be on or after the date of designation and, thus, VA has no authority to revise the effective date set by the service department. *Id.* at 10-11; DoD Instruction Number 1341.13, Enclosure 3, para. 3.e(3) (May 31, 2013). He argues that even though § 21.9625 states that VA will determine the beginning date of an award of educational assistance, paragraph (j) of that section goes on to state that the beginning date of an award for educational assistance will be no earlier than the *latest* of the following: The date the Secretary of the service department concerned approves the transferor to transfer entitlement; or the date specified by the transferor.[2] Secretary's Br. at 12 (citing 38 C.F.R. § 21.9625). The Secretary contends that reading 38 C.F.R. § 21.9625 as a whole makes clear that a VA award of educational assistance, to an approved child, may not pre-date the date on which the service department approves a transferor's entitlement, even if the date specified by the transferor precedes the date of approval. Secretary's Br. at 12.

The Secretary further argues that, although Mr. Garza correctly states that the Board did not cite § 21.9625, the Board correctly determined that the issue involves only the application of law and, therefore, April 16, 2010, is the earliest possible date of eligibility for the transferred benefits. *Id.* at 13. He asserts that the Board did not err by not discussing whether § 21.9570(g) might allow an earlier effective date for the transfer of benefits because the veteran had not submitted any

---

[2] The regulation refers to other possible dates that are not implicated under the facts of this case.

modification to his original designation. *Id*. at 15. Moreover, the Secretary argues that DoD, not VA, provides guidance to service members regarding the transferability of benefits and that, in May 2010, DoD informed the veteran that he may make changes to the distribution of transferred benefits through the TEB website. *Id*. at 16. Finally, the Secretary maintains that VA's duty to notify only requires VA to notify to the claimant before it makes an initial decision in the case, and the duty does not extend throughout the claim process. *Id*. at 17.

### III. ANALYSIS

#### A. Statutory Interpretation

Congress enacted the Post-9/11 GI Bill in June 2008. *See* Pub. L. No. 110-252, tit. V, §§ 5001-5003, 122 Stat. 2357 (2008). The statutory provisions are codified at title 33 U.S.C., chapter 33, and VA's regulations are codified at 38 C.F.R. §§ 21.9500-.9770 (2016). This case calls upon the Court to interpret the statutory and regulatory provisions related to educational assistance benefits under the Post-9/11 GI Bill. The Court reviews VA's interpretation of statutes and regulations de novo. *See Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003) ("[I]nterpretation of a statute or regulation is a question of law . . . ."); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (stating that the Court reviews "questions of law de novo without any deference to the [Board's] conclusions of law"). The Court must first analyze the language of the authorizing statute and determine "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). If, employing the traditional tools of statutory construction, the Court finds that the "intent of Congress is clear, that is the end of the matter; for the [C]ourt, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43. On the other hand, if the Court concludes that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843.

Subsection 3319(a) gives the Secretary of the service department concerned the authority to allow an eligible person, one who is entitled to educational assistance under chapter 33, to transfer to one or more dependents a portion of that eligible person's entitlement to the educational assistance, subject to certain limitations on the number of months that may be transferred. 38 U.S.C.

§ 3319(a), (d). Subsection 3319(e) provides that an individual who wishes to transfer entitlement to educational assistance under that subsection shall "(1) [d]esignate the dependent or dependents to whom such entitlement is being transferred; (2) [d]esignate the number of months of such entitlement to be transferred to each such dependent; and (3) [s]pecify the period for which the transfer shall be effective for each dependent designated under paragraph (1)." 38 U.S.C. § 3319(e).

Additionally, subsection 3319(f)(2) permits a transferor to modify or revoke a transfer of benefits, stating:

(2) Modification or revocation. –

(A) In general. – An individual transferring entitlement under this section may modify or revoke at any time the transfer of any unused portion of the entitlement so transferred.


(B) Notice. – The modification or revocation of the transfer of entitlement under this paragraph shall be made by the submittal of written notice of the action to both the Secretary concerned and the Secretary of Veterans Affairs.

38 U.S.C. § 3319(f)(2).

Subsection 3319(j) further provides that "the Secretary of Defense, in coordination with the Secretary of Veterans Affairs, shall prescribe regulations" specifying "the manner of authorizing the transfer of entitlements under this section"; "the eligibility criteria"; and "the manner and effect of an election to modify or revoke a transfer of entitlement under subsection (f)(2)." 38 U.S.C. § 3319(j) (1), (2)(i)-(iii).

To determine whether the Board correctly found that DoD assigns the date of eligibility and that VA has no authority to revise such a determination, the Court's analysis begins with the language of the specific provision at issue: 38 U.S.C. § 3319. *See Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) ("Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and structure." (quoting *McEntee v. M.S.P.B.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005))). Subsection 3319(a)(1) clearly authorizes the Secretary of the concerned service department to approve an eligible person's request to transfer a portion of educational assistance benefits under chapter 33 to eligible dependents. 38 U.S.C. § 3319(a)(1). The statute, however, is

silent as to whether DoD or VA assigns the eligibility dates. Moreover, although subsection 3319(j) authorizes the Secretary of Defense, in coordination with the Secretary of Veterans Affairs, to promulgate regulations under the statute, Congress did not directly answer whether DoD has *exclusive* authority to revise effective dates for the transfer of educational benefits. Because there is a gap in the statute, the Court must now turn to step two of the *Chevron* analysis, which requires that "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843. For this analysis, the Court turns to the regulations themselves.

B. Regulatory Interpretation

VA has promulgated regulations governing the transfer of entitlement to benefits and modification or revocation of the unused portion of benefits transferred. *See* 38 C.F.R. §§ 21.9500-9770. An agency's interpretation of its own regulations is controlling unless it is "'plainly erroneous or inconsistent with the regulations.'" *Auer v. Robbins,* 519 U.S. 452, 461 (1997); *Arneson v. Shinseki*, 24 Vet.App. 379, 385-86 (1991). The regulations in contention in this case are 38 C.F.R. §§ 21.9570 and 21.9625. Section 21.9570 states that

> an individual entitled to educational assistance under 38 U.S.C. chapter 33 based on his or her own active duty service, and *who is approved by a service department* to transfer entitlement, may transfer up to a total of 36 months of his or her entitlement to a dependent (or among dependents).

38 C.F.R. § 21.9570 (emphasis added).

Furthermore, if the transferor elects to transfer educational benefits, § 21.9570(d)(1) requires the transferor to "[d]esignate the dependent or dependents to whom such entitlement is being transferred; [d]esignate the number of months of entitlement to be transferred to each dependent; and [s]pecify the beginning and ending date of the period for which the transfer is effective for each dependent." 38 C.F.R. § 21.9570(d)(1). 38 C.F.R. § 21.9570(d)(2) stipulates that "VA will accept the transferor's designations as shown on any document signed by the transferor that shows the information required in paragraphs (d)(1)(i) through (d)(1)(iii) of this section." 38 C.F.R. § 21.9570(d)(2). Further, 38 C.F.R. § 21.9570(g) authorizes a transferor to modify the designations made under paragraph (d) "at any time." 38 C.F.R. § 21.9570(g)(1). To make such a modification,

8

the transferor must submit written notice to both the Secretary of Veterans Affairs and the Secretary of the service department that approved the transfer. 38 C.F.R. § 21.9570(g)(1). Any modification made under that subsection, "will be effective the later of" "[t]he date VA receives the modification" or "[t]he date the military department concerned receives notice of modification." 38 C.F.R. § 21.9570(g)(2). Moreover, 38 C.F.R. § 21.9625 addresses the "[b]eginning dates" of educational assistance awards and states that "VA will determine the beginning date of an award or increased award of educational assistance under this section, but in no case will the beginning date be earlier than August 1, 2009." 38 C.F.R. § 21.9625. Pertinent to the case on appeal, § 21.9625(j) addresses the beginning date for the transfer of benefits to an eligible child and provides in relevant part:

> If a child is eligible for transferred entitlement under § 21.9570, the beginning date of the award of educational assistance will be no earlier than the latest of the following dates–
> (1) The date the Secretary of the service department concerned approves the transferor to transfer entitlement; . . .
> (3) The date the transferor specified in his or her designation of transfer.

38 C.F.R. § 21.9625(j)(1) and (3).

Mr. Garza argues that § 21.9570(d)(2) requires VA to accept the transferor's designations shown on any document signed by the transferor and that § 21.9570(g) allows the transferor to modify the designations made under paragraph (d) at any time. The Secretary contends that regardless of what designations the transferor makes or attempts to modify, under § 21.9625(j) the beginning date may not be earlier than the later of either the date the Secretary of the service department concerned approved the transfer or the date the transferor specified in his or her designation.

As noted above, 38 U.S.C. § 3319 provides that the Secretary of the appropriate service department may permit an eligible person to transfer entitlement to educational assistance benefits to certain family members. 38 U.S.C. § 3319(a). An eligible person seeking to transfer benefits must designate the dependents to whom the entitlement is being transferred, the number of months of assistance to be transferred, and the period for which the transfer is effective. 38 U.S.C. § 3319(e); 38 C.F.R. § 21.9570(d)(1)(i)-(iii).

9

Although the statute does not state whether the Secretary of the military department involved or VA is responsible for determining the beginning date of a transfer of benefits, the Court holds that when read together, §§ 21.9570 and 21.9625 are a permissible reading of section 3319, and therefore the Secretary's interpretation of the statute is reasonable. It is true that § 21.9570(d)(2) states that VA will accept the transferor's designations. However, this section must be read in light of § 21.9625(j), which provides that the beginning date of an award for educational assistance to an eligible child will be no earlier than the *latest* of either the date DoD approves the transferor to transfer entitlement or the date the transferor specified. Here, these dates are the same: April 16, 2010. The veteran indicated that he wanted to transfer benefits beginning on April 16, 2010, R. at 54, and DoD approved a beginning eligibility date of April 16, 2010, R. at 58. Consequently, as a matter of law, Mr. Garza's beginning eligibility date cannot be earlier than April 16, 2010. On the facts of this case, the Court finds that § 21.9570, read in light of § 21.9265, mandates that the earliest beginning date for transferred entitlement to educational assistance benefits is April 16, 2010.

Although the Board may have used imprecise wording in its decision, regulatory history supports VA's interpretation of section 3319 that DoD is charged with making the determinations of eligibility and effective dates. In response to comments received regarding the transfer of benefits, the Secretary stated that "while VA is responsible for administering payment of transferred benefits, the DoD is responsible for determining eligibility for transfer of entitlement to dependents." 74 Fed. Reg. 14,654 (2009) (Tue., Mar. 31, 2009, pp. 14,457-702). The Secretary further stated that because "VA has no authority to determine eligibility for transfer of entitlement of educational assistance under the Post-9/11 GI Bill, individuals inquiring about eligibility for transfer of entitlement should contact DoD for information." *Id*. The history of the regulations, together with the deference owed to an agency's reasonable interpretation of a statute it seeks to implement, compels the Court to conclude that the requirements in § 21.9625(j) that govern the beginning date of a transfer of benefits to an eligible child are a reasonable and valid interpretation of 38 U.S.C. § 3319.

As to Mr. Garza's argument that the Board's reasons or bases are inadequate, he correctly points out that the Board did not discuss § 21.9625. Nonetheless, the Board accurately applied § 21.9625 in light of § 21.9570(d) and reached the correct conclusion that the earliest possible effective date for the transferred benefits was April 16, 2010. R. at 4. Thus, a remand for an

adequate statement of reasons or bases to address § 21.9625 would serve no useful purpose. *See Valiao v. Principi*, 17 Vet.App. 229, 232 (2003) (holding that "[w]here the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than the affirmance of the Board decision, the case should not be remanded for development that could not possibly change the outcome of the decision"); *see also Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991) ("[S]trict adherence [to the reasons- or- bases requirement] does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case. Such adherence would result in this Court's unnecessarily imposing additional burdens on the [Board and VA] with no benefit flowing to the veteran.").

Finally, to the extent Mr. Garza argues that the Board erred by not discussing § 21.9570(g) pertaining to written requests for modification, the Court notes that this regulation speaks only of the *transferor*'s rights to modification and that nothing in the record shows that the veteran (the transferor) submitted any modification.[3] Because the veteran is not a party to these proceedings and did not seek to modify his transfer of benefits, Mr. Garza fails to demonstrate that the Board erred. *See Schafrath v. Derwinski*, 1 Vet.App. 589 (1991) (stating that the Board must discuss all provisions of law and regulation where they are made "potentially applicable through the assertions and issues raised in the record").

In short, Mr. Garza acknowledges that the veteran did not apply to transfer benefits and that DoD did not approve a transfer of educational benefits eligibility prior to April 16, 2010. R. at 44. Mr. Garza explains that the veteran did not apply for educational benefits prior to April 16, 2010, as "ITT Tech[] dropped the ball by not contacting [him] sooner about [his] financing," yet requests an effective date for VA educational assistance benefits back to August 1, 2009. *Id.* Although the Court is sympathetic to Mr. Garza's frustrations with ITT, under 38 C.F.R. § 21.9625(j), VA is bound by DoD's date of approval of the transfer, and his argument amounts to a request for equitable relief, which the Court may not grant. *See Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997) (noting that the Court "is not a court of equity and cannot provide equitable relief"); *see also Rosenberg v. Mansfield*,

---

[3] "A transferor may modify the designations he or she made under paragraph (d) of this section at any time. . . . VA will accept a copy of the written notice addressed to the military department as sufficient to written notification to VA." 38 C.F.R. § 21.9570(g).

22 Vet.App. 1, 5 (2007) ("The [U.S.] Supreme Court has held that the Appropriations Clause of the Constitution, U.S. Const. art. I, § 9, cl. 7, precludes the judiciary from ordering an award of public funds to a statutorily ineligible claimant on the basis of equitable estoppel." (citing *OPM v. Richmond*, 496 U.S. 414, 430 (1990))), *aff'd sub nom. Rosenberg v. Peake*, 296 F. App'x 53 (Fed. Cir. 2008).

## C. Duty To Notify and Duty To Assist

Sections 5103 and 5103A address VA's duties to notify a claimant of any information and evidence that is necessary to substantiate the claim and to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for a benefit. 38 U.S.C. §§ 5103, 5103A. The Secretary has promulgated regulations regarding VA's duty to notify and to assist a claimant for educational assistance, including claims filed under chapter 33, and has extended both duties to individuals in receipt of transferred entitlement. *See* 38 C.F.R. §§ 21.1031(b) (duty to notify), 21.1032 (duty to assist), 21.9510 (providing that VA's duties to notify and assist apply to claims filed under chapter 33), and 21.9570(a)(2) (stating that the provisions of § 21.9510 apply to individuals in receipt of transferred entitlement).

Mr. Garza argues that VA had a duty to notify him that the veteran could modify his original request by signing a document and sending it to VA. Appellant's Br. at 9-10. This argument must fail. The duty to notify under section 5103(a) does not extend throughout the claim process, but only to providing notice to the claimant prior to the initial decision in the case. *See Wilson v. Mansfield*, 506 F.3d 1055, 1058-59 (Fed. Cir. 2007). Once an initial claim has been substantiated, section 5103(a) notice has served its purpose, and its application is no longer required. *Id.* Rather, if VA receives a disagreement with its decision, VA's duties under 7105(d) require VA to undertake additional development and review action as is deems appropriate, and if such action does not resolve the disagreement, to issue an SOC. 38 U.S.C. § 7105(d).

In this case, Mr. Garza submitted his initial application to use transferred benefits in May 2010, R. at 59-63, and VA issued its initial decision on the claim in June 2010, R. at 115-17. Thus, VA had no duty under section 5103 to notify Mr. Garza that the veteran may modify a transfer of entitlement by submitting written notice to VA and the Secretary of the military department involved. *See Wilson*, 506 F.3d at 1059. Rather, after Mr. Garza filed his NOD, VA's duties under

7105(d) applied. *See id.* Accordingly, the Court holds that Mr. Garza fails to demonstrate that VA was required to provide him additional notice under section 5103 regarding the veteran's right to modify a transfer of benefits.

Further, the record here demonstrates that the June 2011 SOC informed Mr. Garza that VA cannot change a DoD decision and that "[t]he *veteran* should contact DoD directly for possible resolution." R. at 37 (emphasis added). The SOC also cited the applicable regulations regarding a transferor's designations and the transferor's ability to modify a transfer of entitlement, which put Mr. Garza on notice of the steps to take in order to obtain a modification.[4] R. at 31-32. Finally, the Court finds that Mr. Garza fails to demonstrate that VA was required to provide him additional notice under section 5103 regarding the veteran's right to modify a transfer of benefits.

## IV. CONCLUSION

After consideration of Mr. Garza's and the Secretary's pleadings, and a review of the record, the Board's May 9, 2014, decision is AFFIRMED.

---

[4] Moreover, the record shows that DoD informed the *veteran* in May 2010 that he had the ability to "make additions, changes, or revocations to the eligible family members and/or adjust the distribution of the transferred months through the [Transfer of Education] website." R. at 58.

13