
**Richard D. KELLY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–442.

United States Court of Veterans Appeals.

Submitted April 22, 1992.

Decided Sept. 2, 1992.

Richard D. Kelly, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant, Richard D. Kelly, appeals from a November 15, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to conversion of the veteran's eligibility under the Chapter 34 educational assistance program to the Chapter 30 educational assistance program. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The BVA decision is affirmed.

## I. BACKGROUND

Appellant served on active duty in the U.S. Army from July 12, 1967, to August 31, 1987, when he was discharged "for length of service" (20 years). R. at 1, 4, 6, 23, 28, 45–46, 48, 53. On September 1, 1987, he applied to the Veterans' Administration (now Department of Veterans Affairs) (VA) for G.I. Bill education benefits to attend law school, R. at 6–8, which were awarded in December 1987, effective September 1, 1987, to May 20, 1988, in the amount of $542.00 per month. R. at 12. He applied for advance payment for the autumn quarter of 1988, took a leave of absence for the spring 1989 quarter, but re-enrolled in classes for the fall 1988 and spring 1989 quarters. R. at 13–17. The veteran was again awarded education benefits from August 21, 1989, to December 31, 1989, in the amount of $542.00 per month. R. at 37.

The veteran received notice that his education benefits would cease on January 1, 1990, and filed his Notice of Disagreement on August 31, 1989. R. at 38. The veteran then contacted his Congressman, and correspondence ensued between the VA and his Congressman's office. R. at 39–41. On

May 14, 1990, the adjudication officer notified the veteran that he did not qualify for the Chapter 30 conversion because he did not have enough service after June 30, 1985, (2 years, 2 months, 1 day), and sent the Statement of the Case. R. at 49–55. On July 19, 1990, the veteran filed his appeal to the BVA stating in part, "An exception or waiver to 38 USC [§ 3011(a)(1)(B)] should be granted where the service member is prevented from qualifying for replacement Chapter 30 benefits by any involuntary government discharge (to include length of service without extension option) to comply with the purpose and spirit of section 1401." He requested either conversion to Chapter 30 benefits or an extension of his Chapter 34 benefits. R. at 58–59. A supplemental Statement of the Case was sent to the veteran. R. at 60–63.

On January 23, 1991, the veteran's claim for equitable relief was forwarded to the VA Regional Office in response to a request for an extension of his Chapter 34 benefits. R. at 65. Another Statement of the Case was sent to the veteran on March 14, 1991, which revealed that on November 15, 1990, the BVA upheld the denial of Chapter 30 benefits. R. at 68. The veteran brought a timely appeal from the November 15, 1990, BVA decision.

## II. ANALYSIS

Appellant's claim concerns the application and interpretation of educational benefits administered under Chapter 34 of title 38 of the United States Code, codified at 38 U.S.C. §§ 3451–3493 (formerly §§ 1651–1693), and alternatively Chapter 30 of title 38 of the United States Code, codified at 38 U.S.C. §§ 3001–3036 (formerly §§ 1401–1436). Chapter 34 educational assistance was terminated for all eligible veterans effective December 31, 1989. 38 U.S.C. § 3462(e). Certain veterans, however, with Chapter 34 eligibility remaining on that date, may establish eligibility for educational assistance under Chapter 30, if inter alia, the individual served on active duty on October 19, 1984, and without a break in service, and served at least three years after June 30, 1985, or was discharged or released from active duty for 1) a service-connected disability, or 2) a medical condition that preexisted service, or 3) a hardship discharge, or 4) a physical or mental condition that was not characterized as a disability, or 5) convenience of the government, if the individual completed not less than 30 months of continuous active duty after that date, or 6) the convenience of the government, involuntarily. 38 U.S.C. § 3011(a)(1)(B). Upon completion of the requisite active duty service, the veteran must either 1) remain on active duty; 2) be discharged from service with an honorable discharge; or 3) be placed on the retired list, transferred to the Fleet Reserve or Fleet Marine Corps Reserve, or placed on the temporary disability retired list. 38 U.S.C. § 3011(a)(3)(A)–(C).

The veteran contends that this change in the law is in violation of 10 U.S.C. § 277 (1988), prohibiting discrimination between the Reserves and Regulars. Because Congress expressly abrogated Chapter 34 educational benefits for *all* veterans on December 31, 1989, the veteran's argument is without merit. Neither the VA nor the Court can extend these benefits out of sympathy for a particular veteran. A statute, clear on its face and capable of being understood, such as 38 U.S.C. § 3011(a), (b), should not have additional meaning supplied to it by further interpretation. *See Lewis v. United States*, 92 U.S. (2 Otto) 618, 23 L.Ed. 513 (1876); 2A *Sutherland Statutory Construction* § 46.01 (4th ed. 1984). A law that is plain declares itself with nothing left for interpretation, and is binding on the Court. Section 3011(a), (b) is clear and unambiguous, and the Court must give effect to congressional intent.

Appellant was denied conversion to Chapter 30 benefits because he had only two years, two months, and one day of active duty service after June 30, 1985, and because he was discharged for length of service. The veteran acknowledges that he does not qualify for a conversion to Chapter 30 benefits because 1) he did not serve on active duty for three years after June 30, 1985; and 2) he was not discharged or

released for a service-connected disability, or a medical condition which preexisted service, or hardship discharge, or for the convenience of the government. Br. of Appellant at 15. Notwithstanding the various legal theories advanced by appellant to support his claim, because the law is unambiguous and the BVA's factual determinations are undisputed, and because appellant has not successfully mounted a constitutional challenge to the statutory provisions or their application, the BVA decision must be affirmed.

The BVA noted at the outset of its November 15, 1990, decision, that appellant requested equitable relief under the provisions of 38 U.S.C. § 503(a), (b), (c) (replaced § 210(c)(2), (3)). Since the BVA deemed this to be a matter of administrative discretion which is not subject to the jurisdiction of the Board, the question of equitable relief was referred to the originating agency for further development or other appropriate action. Thus, the Court has no jurisdiction over this issue. 38 U.S.C. §§ 7252, 7261 (formerly §§ 4052, 4061).

### III. CONCLUSION

After considering appellant's brief and the appellee's brief and reviewing the record, the Court holds that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

The November 19, 1990, decision of the BVA is AFFIRMED.