# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2405

Ronnie A. Burton, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided   August 5, 2005   )

*Ronnie A. Burton, pro se,* filed an informal brief.

*Tim S. McLain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian Rippel*, Deputy Assistant General Counsel; and *Erika E. Liem*, all of Washington, D.C., were on the pleading for the appellee.

Before IVERS, *Chief Judge*, and GREENE and HAGEL, *Judges*.

IVERS, *Chief Judge*:  The appellant, Ronnie A. Burton, appeals an August 20, 2002, Board of Veterans' Appeals (Board) decision in which the Board determined that he was not eligible for educational-assistance benefits pursuant to the Montgomery GI bill, chapter 30, title 38, U.S. Code [hereinafter Chapter 30].  Record (R.) at 3.  The appellant filed an informal brief, and the Secretary filed a brief.  This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a).  For the reasons set forth below, the Court will affirm the Board decision.

## I.  FACTS

The appellant served on active duty in the U.S. Air Force from June 1973 to July 1974.  R. at 15.  He entered the U.S. Air Force Academy in July 1974 and upon graduation in May 1978, was commissioned as an officer in the U.S. Navy.  *Id.*  He served on active duty from June 1978 to August 1994.  R. at 16.  In May 1994, a VA regional office denied his claim for educational-

assistance benefits under Chapter 30.  R. at 26.  In March 1998, following his appeal, the Board also denied that claim.  R. at 66.  In September 1998, the appellant moved to vacate the March 1998 Board decision; he contended that he had not been provided with a requested personal hearing on his claim before a member of the Board.  R. at 75.  The appellant was provided a personal hearing in January 1999 (R. at 80-96), and after considering the matter, the Board vacated the March 1998 Board decision on August 11, 1999 (R. at 101).  On August 19, 1999, however, the Board again denied the appellant's claim.  R. at 106.  He appealed to the Court. In an April 2001 order, the Court vacated the August 1999 Board decision and remanded the matter for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000).  R. at 160-61.  Thereafter, in the August 20, 2002, Board decision on appeal, the Board again denied the claim.

## II.  ANALYSIS

Initially, the Court notes that neither party has alleged any error regarding the application of the VCAA to this claim.  Therefore, the Court will not address the matter.  *See Maxson v. Principi*, 15 Vet.App. 241, 242 (2001) (per curiam order); *Tellex v. Principi*, 15 Vet.App. 233, 240 (2001).

Chapter 34 of title 38, U.S. Code [hereinafter Chapter 34], the Vietnam-era GI bill, provided for educational-assistance benefits to veterans who served on active duty for a period of 180 days, any part of which occurred between January 31, 1955, and January 1, 1977.  *See* 38 U.S.C. § 3452(a)(1)(A).  Chapter 34 educational-assistance benefits were, however, terminated effective December 31, 1989.  *See* 38 U.S.C. § 3462(e) (no educational assistance benefits shall be afforded any eligible veteran under, inter alia, Chapter 34 after December 31, 1989).  Chapter 30 now provides for educational benefits for veterans, and is available to some veterans who previously qualified for benefits under Chapter 34.  These benefits are available to "Chapter 34 converters" if such person (1) was eligible for Chapter 34 benefits as of December 31, 1989; (2) was on active duty at any time during the period from October 19, 1984, through July 1, 1985; (3) continued on active duty without a break in service; and (4) after June 30, 1985, served at least three years of continuous active duty without a break in service. 38 U.S.C. § 3011(a)(1)(B).  That eligibility, however, is not without exception, and a person

who, after December 31, 1976, received a commission as an officer in the Armed Forces upon graduation for a military academy "is not eligible for educational assistance under Chapter 30." 38 U.S.C. § 3011(c)(2).

This benefits-eligibility framework is echoed in the controlling regulations. *See* 38 C.F.R. §§ 21.7044(a) (2004) (describing eligibility for Chapter 30 benefits based on Chapter 34 eligibility); 21.7044(c) (stating that "an individual, who would otherwise be eligible for educational assistance under [that regulation], is not eligible for educational assistance under [Chapter 30], if after December 31, 1976, he or she receives a commission as an officer in the Armed Forces [upon graduation from a military academy]"). Additionally, 38 C.F.R. § 21.7044(d) states that the restriction outlined in § 21.7044(c) does not apply to a veteran (and consequently such person *would* be eligible for Chapter 30 benefits) who has "met the requirements for educational assistance under paragraph (a) . . . of this section *before* receiving a commission as an officer in the Armed Forces upon graduation from [a military academy]." 38 C.F.R. § 21.7044(d) (emphasis added); *see* 38 C.F.R. §§ 21.7042(a) (2004) (outlining basic Chapter 30 eligibility requirements for non-Chapter-34 converters), 21.7042(f) (providing restriction to eligibility and exception to that restriction, parallel to § 21.7044(c) and (d)).

Both parties concede that the appellant is generally eligible for educational-assistance benefits under Chapter 34, and both parties correctly note that Chapter 34 benefits may generally be converted into eligibility for Chapter 30 educational-assistance benefits. Appellant's Informal Brief (Br.) at 1-5; Secretary's Br. at 3-7. Because the appellant graduated from the Air Force Academy in 1978, however, he is disqualified from Chapter 30 benefits under § 21.7044(c) unless he meets the exception to that restriction outlined in § 21.7044(d).

For the exception in paragraph (d) to apply, the appellant, a Chapter 34 converter, has to have met the requirements under paragraph (a) before May 1978 when he received his commission from the Air Force Academy. 38 C.F.R. § 21.7044. The regulation requires that the veteran "must have been on active duty at any time during the period beginning on October 19, 1984, and ending on July 1, 1985, and continued on active duty without a break in service." 38 C.F.R. § 21.7044(a)(6). Under the only possible interpretation of 38 C.F.R. § 21.7044(d), these paragraph (a) requirements would have had to have been met before May 1978. Because the appellant does not meet that requirement, the Board's decision complies with the provisions

of the statute and regulation. *See* 38 U.S.C. § 3011(c)(2). Indeed, the Board correctly relied upon a November 1999 VA General Counsel opinion on Chapter 30 eligibility that specifically addressed the question before us and concluded: "[I]f an individual is commissioned upon graduating from a military academy after December 31, 1976, and before completing the military service needed to establish . . . entitlement, that individual is disqualified" from eligibility. VA Gen. Coun. Prec. 14-99 (Nov. 4, 1999); *see* 38 U.S.C. § 7104(c) (precedent opinions of the VA General Counsel are binding on the Board); *Theiss v. Principi*, 18 Vet.App. 204, 208 (2004).

The appellant argues that VA's interpretation of § 21.7044(d) is contrary to the intent of Chapter 30, which was meant to allow a veteran who had earned Chapter 34 benefits to convert those benefits and retain them. He contends that because there is no possibility that he could have satisfied all of the requirements of 38 C.F.R. § 21.7044(d), the Court should reverse the Board's determination. Appellant's Informal Br. at 1-4. The Court agrees that, on its face, the regulatory exception of § 21.7044(d) seemingly cannot apply to Chapter 34 converters. That is because basic Chapter 34 eligibility (which obviously must exist prior to transferring such benefits to Chapter 30 benefits) requires service between January 1955 and January 1977, *see* 38 U.S.C. § 3452(a)(1)(A), while, as stated above, Chapter 30 eligibility under 38 C.F.R. § 21.7044(a) requires active service after June 30, 1985, and during the period from October 19, 1984, to July 1, 1985. As the Board noted:

> Given that most service academies have age limitations and rigid fitness requirements, the likelihood that a veteran with service prior to 1977 (as required for [c]hapter 34 benefits) would be eligible to attend a service academy after July 1985 (as required for [c]hapter 30 benefits) is not only improbable, but virtually impossible.

R. at 9. We sympathize with the appellant's argument; however, we cannot agree with his suggestion that because he met the criteria for receiving Chapter 34 benefits, he is automatically entitled to Chapter 30 benefits.

"Congress expressly abrogated Chapter 34 benefits for *all* veterans on December 31, 1989." *Kelly v. Derwinski*, 3 Vet.App. 171, 172 (1992). Although Chapter 30 does permit conversion of those benefits in many instances, this eligibility is restricted and individuals who, after December 1976, receive a commission following graduation from a service academy, are specifically excluded. 38 U.S.C. § 3011(c)(2). Although § 21.7044(d) may appear to suggest

4

that an exception to this restriction exists, the fact that the appellant, and quite possibly no one, can qualify for this exception cannot empower the Court to reverse a Board decision and award benefits when none are authorized by law. *See Kelly*, 3 Vet.App. at 172 ("Neither the VA nor the Court can extend these benefits out of sympathy for a particular veteran."); *see also Harvey v. Brown*, 6 Vet.App. 416, 422 (1994) (affirming Board's denial of Chapter 30 benefits when veteran did not meet the statutory-continuous-duty requirement, and refusing to "declare [veteran] eligible for these benefits regardless of his statutory ineligibility").

Additionally, even if the Court invalidated § 21.7044(d), the appellant still would be excluded from benefits because that provision, which seems to erect an impossible requirement for the appellant, is the *exception* to the general rule. *See* 38 C.F.R. § 21.7044(d). If § 21.7044(d) is invalidated, then the general rule of § 20.7044(c) applies in full and the appellant would be excluded from receiving Chapter 30 benefits. Furthermore, an argument by the appellant to "correct" any inconsistency in the regulations must be answered, not by this Court, but by VA, which must craft the rules that govern the agency process for this matter and must do so in accordance with the guidelines for regulation promulgation. *See Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Haggar Apparel Co. v. United States*, 222 F.3d 1337, 1341-43 (Fed. Cir. 2000). Therefore, because the appellant is excluded from receiving Chapter 30 educational benefits, the Board decision will be affirmed. *See Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994) (where law and not evidence is dispositive, claim should be denied or appeal terminated because of lack of legal merit).

## III.  CONCLUSION

Accordingly, upon consideration of the record and the pleadings filed for this appeal, and for the reasons stated herein, the August 20, 2002, Board decision is AFFIRMED.