Citation Nr: 1532761 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 14-33 926 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs National Cemetery Administration Scheduling Office in St. Louis, Missouri


THE ISSUE

Entitlement to burial in a Department of Veterans Affairs national cemetery. 


ATTORNEY FOR THE BOARD

T. Susco, Associate Counsel


INTRODUCTION

The decedent served in the United States Army Reserves with a period of active duty for training (ADUCTRA) from May 1959 to November 1959. The appellant is the decedent's surviving spouse. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a January 2014 decision of the Department of Veterans Affairs (VA) National Cemetery Administration Scheduling Office in St. Louis, Missouri. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The decedent served as a Reservist with the United States Army Reserve with a six-month period of ACDUTRA; the decedent had no active duty service. 

2. The decedent did not die or become disabled from a disease or injury incurred in line of duty during his period of ACDUTRA. 


CONCLUSION OF LAW


The criteria for basic eligibility for burial of the decedent's remains in a VA national cemetery have not been met. 38 U.S.C.A. §§ 101, 2402, 5303A (West 2014); 38 C.F.R. §§ 3.1, 3.6, 38.620 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.159, and 3.326(a). The United States Court of Appeals for Veterans Claims (Court) has held that the VCAA does not affect matters on appeal when the question is limited to statutory interpretation. See generally Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Livesay v. Principi, 15 Vet. App. 165 (2001) (en banc) (holding that the VCAA is not applicable where it could not affect a pending matter and could have no application as a matter of law). 

In addition, the VA's General Counsel has held that VA is not required under 
38 U.S.C.A. § 5103(a) to provide notice of the information and evidence necessary to substantiate a claim where that claim cannot be substantiated because there is no legal basis for the claim or because undisputed facts render the claimant ineligible for the claimed benefit. VAOPGCPREC 5-04 (2004). Because the application of the law to the undisputed facts is dispositive of this appeal, no discussion of VA's duties to notify and assist is necessary. See Mason v. Principi, 16 Vet. App. 129 (2002); see also Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

Entitlement to Burial in a National Cemetery - Laws and Regulations

Any person classified as a "veteran" is eligible for burial in a national cemetery. 
38 U.S.C.A. § 2402(a); 38 C.F.R. § 38.620(a). The term "veteran" means any person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C.A. § 101(2); 38 C.F.R. § 3.1(d). "Active military, naval, or air service" includes active duty, and "any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and any period of inactive duty for training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty or from an acute myocardial infarction, a cardiac arrest, or a cerebrovascular accident occurring during such training." 38 U.S.C.A. § 101(24); 38 C.F.R. § 3.6(a). 

Eligibility for burial in a national cemetery is also available to any member of a Reserve component of the Armed Forces, and any member of the Army National Guard or the Air National Guard, whose death occurs while such member is hospitalized or undergoing treatment at the expense of the United States for an injury or disease contracted or incurred under honorable conditions while performing ACDUTRA, INACDUTRA, or undergoing such hospitalization or treatment. 38 U.S.C.A. § 2402(b); 38 C.F.R. § 38.620(b). 

Entitlement to Burial in a National Cemetery - Analysis

The appellant contends that the decedent is eligible for burial in a national cemetery. The appellant does not dispute the character of the decedent's service. Instead, she contends that the decedent should be eligible for burial is a national cemetery because while he never served on active duty, his Reserve unit trained and prepared for active duty, indicating that he was willing to serve and die for his country. 

The threshold question in this case is whether the decedent had "active military, naval, or air service" under the law, and therefore attained "veteran" status, or died while hospitalized or undergoing treatment at the expense of the United States for an injury or disease contracted or incurred under honorable conditions while performing ACDUTRA. 38 U.S.C.A. § 2402; 38 C.F.R. § 38.620. As an initial matter, there is no evidence that the decedent became disabled or died from a disease or injury incurred during a period of ACDTURA, and the appellant does not contend otherwise. 

The decedent honorably served with the United States Army Reserve with a period of ACDUTRA from May 1959 to November 1959. His DD Form 214 indicates that following six months of ACDUTRA, the decedent was transferred back to the United States Army Reserve to complete the remainder of his service obligation, which ended in February 1965. There is no separate DD Form 214 showing a period of active duty service. The appellant does not dispute the details of the decedent's service; however, she asserts that the laws should be rewritten to allow the decedent to be eligible for burial as he completed six years in the Reserves and had an honorable discharge. See September 2014 Substantive Appeal (VA Form 9). 

The Board is appreciative of the decedent's honorable service. In this case, however, the facts are not in dispute, and as such, the Board is bound by the law, and this decision is dictated by the relevant statutes and regulations. Accordingly, the Board is unable to provide a legal remedy in this case. See Owings v. Brown, 8 Vet. App. 17, 23 (1995), quoting Kelly v. Derwinski, 3 Vet. App. 171, 172 (1992) ("This Court must interpret the law as it exists, and cannot 'extend . . . benefits out of sympathy for a particular [claimant].'"). 

In sum, as relevant to the appellant's case, the applicable law states that for a member of the United States Army Reserves to be eligible for burial in a national cemetery, he must either be considered a "veteran" or have died while hospitalized or undergoing treatment for an injury or disease contracted or incurred while was performing ACDUTRA or INACDUTRA. 38 U.S.C.A. § 2402; 38 C.F.R. 
§ 38.620. After considering the evidence of record, the Board finds that the decedent did not have active military, naval, or air service, and did not die or become disabled from a disease or injury incurred in line of duty during his period of ACDUTRA. As such, the decedent is not eligible for burial in a national cemetery. The law is dispositive on this question; therefore, the appellant's claim must be denied as a matter of law. See Sabonis, 6 Vet. App. 426.



ORDER

Entitlement to burial in a national cemetery is denied. 



____________________________________________
K. J. Alibrando 
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs