﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200406-76774
DATE: February 26, 2021

ORDER

Entitlement to non-service connected (NSC) pension is denied.

FINDING OF FACT

The Veteran did not serve on active military, naval, or air service: (1) for 90 days or more during a period of war; (2) during a period of war and with discharge or release from service for a service-connected disability; (3) for a period of 90 consecutive days or more with such period beginning or ending during a period of war; or (4) for an aggregate of 90 days or more in two or more separate periods of service during more than one period of war.

CONCLUSION OF LAW

The criteria for entitlement to non-service-connected disability pension benefits are not met. 38 U.S.C. § 1521; 38 C.F.R. §§ 3.2, 3.3, 3.6.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty for training (ACDUTRA) in the U.S. Army from September 1974 to November 1974.

This matter comes before the Board of Veterans’ Appeals (Board) as the result of a July 2019 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with a Department of Veterans Affairs (VA) decision on their claim to seek appellate review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Hearing docket when he completed his VA Form 10182 in January 2020. See January 2020 VA Form 10182, Notice of Disagreement. The Veteran submitted an additional VA Form 10182 in April 2020 and selected the Direct Review docket, indicating that he did not want a Board hearing. See April 2020 VA Form 10182, Notice of Disagreement. The Board considers the January 2020 request for a Board hearing withdrawn and will proceed with the appeal on the evidence in the record. 

1. Entitlement to Veterans Pension benefits 

The Veteran contends that he is entitled to pension benefits, because he had such a service-connected disability, shown by official service records, which in medical judgment would have justified a discharge for disability (38 U.S.C. 1521(j)). See April 2020 VA Form 10182, Notice of Disagreement.

In adjudicating the claim of entitlement to non-service-connected pension benefits, the Board may consider evidence associated with the record on July 16, 2019, the date the VA Rating Decision on appeal was issued by the RO. 

Turning to the merits of the non-service-connected pension benefits claim, VA pension benefits shall be paid to wartime veterans who are permanently and totally disabled from non-service-connected disabilities which are not the result of willful misconduct. See 38 U.S.C. § 1521(a). 

A veteran meets the service requirement of wartime service if he or she served in the active military, naval, or air service (1) for ninety days or more during a period of war; or served during a period of war and was discharged or released from such service for a service-connected disability; (2) or served in the active military, naval, or air service for a period of ninety consecutive days or more and such period began or ended during a period of war; or (3) served in the active military, naval, or air service for an aggregate of ninety days or more in two or more separate periods of service during more than one period of war. See 38 U.S.C. § 1521(j); 38 C.F.R. § 3.3(a)(3).

The term “period of war” for pension purposes means the Mexican Border Period, World War I, World War II, the Korean conflict, the Vietnam era, the Persian Gulf War, and the period beginning on the date of any future declaration of War by the Congress and ending on the date prescribed by Presidential proclamation or concurrent resolution of the Congress. 38 U.S.C. § 1501(4); 38 C.F.R. § 3.2. Most pertinent to this case, the Vietnam era is defined as the period beginning on February 28, 1961, and ending on May 7, 1975, for Veterans who served in the Republic of Vietnam during that period. See 38 U.S.C. § 101 (29)(A); 38 C.F.R. § 3.2(f). In all other cases, the wartime period for the Vietnam era is defined as beginning on August 5, 1964 and ending on May 7, 1975. See 38 U.S.C. § 101 (29)(B), (33); 38 C.F.R. § 3.2(f), (i).

As applied to the facts of this case, the term “active duty” means full-time duty in the Armed Forces, other than active duty for training. See 38 U.S.C. § 101 (21)(A). The term “active duty for training” means full-time duty in the Armed Forces performed by Reserves for training purposes. See 38 U.S.C. § 101 (22)(A). The term “active military, naval, or air service” includes active duty; and any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in the line of duty. See 38 U.S.C. § 101 (24)(A), (B).

The threshold issue to address in a pension case is whether the Veteran has the requisite period of wartime service. If that issue is answered in the affirmative, the additional issues of permanent and total disability and net worth and income requirements will then be addressed. However, if the Veteran does not have the requisite wartime service, there is no need to proceed further, or to address any other related issue.

Based on a review of the record, the Board finds that the criteria for non-service-connected pension benefits have not been met, because the Veteran does not have the requisite period of wartime service. See 38 U.S.C. §§ 1501, 1521; 38 C.F.R. §§ 3.2, 3.3. 

Service personnel records for the Veteran establish that he enlisted in the U.S. Army on September 23, 1974 and that he subsequently served on ACDUTRA from September 23, 1974 to November 5, 1974 as a Trainee. See November 1974 DD214, Certificate of Release or Discharge from Active Duty. The Veteran’s 1 month and 13 days of ACDUTRA service occurred during a defined period of war, the Vietnam era, beginning August 5, 1964 and ending May 7, 1975. Assuming arguendo that the Veteran’s verified ACDUTRA period fulfilled the requirement of 90 days of military service, 38 C.F.R. § 3.6(b)(1) specifically exempts ACDUTRA from the definition of active duty. ACDUTRA is not the same thing as active duty, and the law draws a clear distinction between the two. 

The Veteran “unlisted” from the U.S. Army and was honorably discharged in November 1974. Service records for the Veteran indicate that he was discharged for “Attitude” and “Motivation,” although the Veteran waived a formal narrative explanation for separation. See October 1974 DA Form 2496-1, Disposition Form. Included in his separation documents was a waiver of a separation medical examination. See October 1974 Discharge from the United States Army Memo. While service treatment records document an October 1974 incident in which the Veteran “Twisted ankle then fell directly on knee,” the notes indicate “X-ray taken 3 times all neg(ative) [sic].” See November 1974 Standard Form 513, Clinical Record. Once again, assuming arguendo that the Veteran met the 90-day threshold for active duty service, there is no evidence that the Veteran would have been medically discharged in order to qualify for pension benefits under 38 U.S.C. § 1521(j) or 38 C.F.R. § 3.3(3)(ii).

In summary, the Veteran does not have the requisite service in the active military, naval, or air service for 90 days or more during a period of war and was not disabled from a disease or injury incurred or aggravated in the line of duty during a period of ACDUTRA. Thus, the claim for non-service-connected pension benefits must be denied due to the lack of entitlement under the law. 

The Board sympathizes with the Veteran, but it is bound by the law and is without authority to grant benefits on an equitable basis, regardless of financial need. See 38 U.S.C. §§ 511, 7104 (2012); see also Kelly v. Derwinski, 3 Vet. App. 171, 172 (1992) (noting that VA cannot extend benefits out of sympathy for a particular appellant, further noting that a law that is plain is binding and leaves nothing for interpretation.) The Board further observes that no equities, no matter how compelling, can create a right to payment of the United States Treasury which has not been provided for by Congress. See Smith v. Derwinski, 2 Vet. App. 429, 432-33 (1992), citing Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990).

Accordingly, the claim must be denied.

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Small, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.