Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200501-81501
DATE: May 28, 2021

ORDER

Payment of $3,375.29 in excessive withholding of Department of Veterans Affairs (VA) disability compensation to recoup separation pay on release from active duty is granted.

FINDINGS OF FACT

1. The Veteran received $7,997.88 in gross separation pay at the time of his separation from active service in December 1995.

2. He was thereafter awarded VA disability compensation benefits, and VA withheld payments to recoup $11,373.17.

3. VA withheld an excess of $3,375.29 from the Veteran's disability compensation benefits.

CONCLUSION OF LAW

The Agency of Original Jurisdiction (AOJ) properly withheld the Veteran's VA compensation benefits for recoupment of separation benefit compensation, but miscalculated the amount. 10 U.S.C. § 1174 (2020); 38 C.F.R. § 3.700 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from October 1988 to October 1992, and from December 1992 to December 1995. This matter comes before the Board of Veterans' Appeals (Board) on an appeal from a March 2020 rating decision by a VA Regional Office, which is the AOJ. The Veteran elected the Board's direct review docket. April 2020 VA Form 10182. This restricts the Board's review to the evidence of record at the time of the July 2019 rating decision. 38 C.F.R. § 20.301. While the Veteran did not indicate the specific rating decision or any issue in the actual document of the VA Form 10182, he included the March 2020 notification letter and a statement describing his contentions with the Form 10182. Therefore, the matter is properly on appeal.

Propriety of the withholding of VA disability compensation for recouping $11,373.17 of separation pay on release from active duty.

A servicemember who has received separation pay under 10 U.S.C. § 1174, or separation pay, severance pay or readjustment pay under any other provision of law, based on service in the armed forces, shall not be deprived, by reason of his or her receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he or she is entitled under the laws administered by VA; but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received. 10 U.S.C. § 1174(h)(2); see 38 U.S.C. § 1174(g) (providing that the provisions of 10 U.S.C. § 1174(h) also apply to the payment of special separation benefits to members of the Armed Forces).

There are very limited exceptions to such recoupment, such as a sole survivorship discharge or where disability severance pay was received for disability incurred in the line of duty in a combat zone. See 10 U.S.C. §§ 1174(i), 1212(d). There is no argument or indication that these exceptions apply in this case.

Likewise, VA's implementing regulation provides, generally, that not more than one award of pension, compensation, or emergency officers', regular or reserve retirement pay will be made concurrently to any person based on his or her own service, except as provided in 38 C.F.R. § 3.803 (relating to naval pension) and § 3.750(c) (relating to waiver of retirement pay). 38 C.F.R. § 3.700; see 38 U.S.C. § 5304.

More specifically, where entitlement to VA disability compensation was established on or after September 15, 1981, a Veteran who has received separation pay may receive disability compensation for disability incurred in or aggravated by service prior to the date of receipt of separation pay subject to recoupment of the separation pay. 38 C.F.R. § 3.700(a)(5). Where payment of separation pay was made on or before September 30, 1996, as is the case here, VA will recoup from disability compensation an amount equal to the total amount of separation pay. Id.; see also VAOPGCPREC 12-96, (holding that VA must recoup from a Veteran's VA disability compensation the amount of "non-disability severance pay" received by the Veteran upon discharge from military service).

The Veteran's DD Form 214 shows that he was honorably discharged from the U.S. Army in December 1995 and lists the reason for separation from service as a reduction in force. The DD Form 214 shows separation payment in the amount of $7,997.88. Notably, the Veteran stated on January 2019 and June 2019 VA Forms 21-526EZ, Fully Developed Claim, that he received before tax separation pay of $7,997.88.

In December 2019, VA then contacted the Defense Finance and Accounting Service (DFAS) to confirm the Veteran's receipt of separation pay. In December 2019, DFAS responded that he received separation pay on April 4, 1996, in a gross amount of $11,373.17, with a federal tax withholding of $3,184.48. VA then sent the Veteran a proposal to reduce his compensation benefits in December 2019 based on the information received from DFAS. The AOJ then notified the Veteran that it was withholding VA compensation to reduce such separation pay in the March 2020 rating decision, and the current appeal process followed. In this regard, the above rating decisions confusingly stated that VA had to withhold the total amount of readjustment pay of $11,373.17, but also that it needed to withhold the after-tax amount of $8,188.69. The AOJ actually withheld the total amount of $11,373.17.

Notably, the Veteran has been in receipt of VA disability compensation since his initial award from an August 2014 rating decision, effective September 3, 2013. At the time of the reduction in VA disability compensation, the Veteran was in receipt of $893.43 in disability payment per month. Beginning in April 2020, VA withheld all the Veteran's compensation to recoup the separation pay.

The Veteran contends that the amount of separation pay was incorrect, reporting multiple times that he only received $7,997.88. See e.g. May 2020 Correspondence. He also contends that VA improperly withheld benefits as his separation pay was received before October 1, 1996, and not after as the AOJ had stated.

Initially, in regard to the amount of separation pay, the record reflects that the Veteran received $7,997.88, in separation readjustment pay. The Veteran has consistently reported receiving this amount, before taxes, and the Board has no reason to doubt the veracity of his statements. Importantly, his DD 214 indicates that he received that amount, further reinforcing his credibility. In contrast, the amount noted by DFAS in the December 2019 correspondence is not supported in the record. The DFAS numbers coincide with the federal tax rate at that time, namely a 28 percent flat-tax rate, but show no relation to the amount shown in his DD 214, the most relevant service department record. See VA Adjudication Manual M21-1, Part III, Subpart v., Chapter 4, B.2.g. Calculating the After-Tax Amount of Separation Benefits (M21-1, III.v.4.B.2.g). If the DD214 amount is the post-tax amount of separation paid based on the $11,373.17 pre-tax amount reported by DFAS, the service department withheld 29.7 percent, above the existing tax-rate. Further, there was no supporting documentation included with the DFAS correspondence that the Board can review. The Board will resolve reasonable doubt in favor of the Veteran and find that his separation pay gross total was $7,997.88.

As the Veteran received separation pay prior to October 1, 1996, in accordance with the applicable regulation, VA must recoup from disability compensation an amount equal to the total amount of separation pay. 38 C.F.R. § 3.700(a)(5)(i). In the Veteran's argument he contends that a law effective after the date of separation pay should not apply retroactively. Here, however, the implementing law merely changed the amount to be withheld, not the propriety of the withholding itself, inserting in 38 U.S.C. § 1174(h)(2) the line "less the amount of Federal income tax withheld from such pay (such withholding being at the flat withholding rate for Federal income tax withholding, as in effect pursuant to regulations prescribed under chapter 24 of the Internal Revenue Code of 1986)". See Public Law 104201. Therefore, the timing of the separation payment merely indicates how much of the payment should be recouped. Here, the Veteran's separation payment was made before October 1, 1996, and thus the entire amount must be recouped.

Accordingly, the Board finds that recoupment of the payment of readjustment separation pay in the amount $7,997.88 from the Veteran's VA disability compensation payments is proper and required by law. 10 U.S.C. § 1174(h)(2); 38 C.F.R. § 3.700(a)(5).

Legislation has been enacted to allow certain Veterans to receive some measure of concurrent payments for both their retired military pay and their VA disability compensation. The two programs are known as Combat Related Special Compensation (CRSC) and Concurrent Retirement and Disability Payment (CRDP). However, neither of these programs benefits the Veteran in this case, as the Veteran did not complete 20 years of creditable service.

The Board is sympathetic to the Veteran's situation and to any financial hardship he experienced as a result of the recoupment of the benefits, which was exacerbated by the delay in recoupment. However, the Board is unable to provide a legal remedy. See Owings v. Brown, 8 Vet. App. 17, 23 (1995), quoting Kelly v. Derwinski, 3 Vet. App. 171, 172 (1992) ("[T]his Court must interpret the law as it exists, and cannot 'extend... benefits out of sympathy for a particular [claimant].'"). Under the law, VA is required to recoup from disability compensation an amount equal to the total amount of separation pay. See 38 C.F.R. § 3.700(a)(5). Put another way, the regulation merely requires offsetting VA's own benefits payments by the amount of compensation received from the service department in order to prevent "duplication of payments," as required by law. VA does not have discretion to alter the terms of that withholding based on equitable principles, despite any resulting hardship to the Veteran. 38 U.S.C. §§ 503, 7104. Moreover, there is no specified time limitation for VA to recoup the separation payment as required by law. Thus, even though the recoupment occurred six years after he was first awarded disability compensation, it is nonetheless valid.

Therefore, as the Veteran received $7,997.88 in separation pay, but VA withheld $11,373.17, VA improperly withheld an excess $3,375.29. Thus, although the withholding of VA disability compensation was required to recoup separation pay, the Board concludes the amount must be reduced, and the Veteran's appeal is granted to this extent only. 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Jonathan M. Estes

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.