Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200504-81769
DATE: July 14, 2021

ORDER

The withholding of Department of Veterans Affairs (VA) disability compensation for recouping $9,592.02 of separation pay on release from active duty was proper; the appeal is denied.

FINDINGS OF FACT

1. The Veteran was entitled to $12,789.35 of separation pay at the time of his separation from active service in May 2007.

2. After a 25 percent federal tax withholding, the Veteran's net separation payment was $9,592.02.

3. He was thereafter awarded VA disability compensation benefits, and VA withheld payments to recoup $9,592.02.

CONCLUSION OF LAW

The Agency of Original Jurisdiction (AOJ) properly withheld the Veteran's VA compensation benefits for recoupment of separation benefit compensation. 10 U.S.C. § 1174 (2020); 38 C.F.R. § 3.700 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1995 to January 1996, and from December 1996 to May 2007. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2020 rating decision issued by a VA Regional Office (RO), which is the AOJ. The Veteran elected the Board's direct review docket, opting into the Modernized Appeals System from a statement of the case. April 2020 VA Form 10182. This restricts the Board's review to the evidence of record at the time of the April 2020 decision. 38 C.F.R. § 20.301 (2020).

Propriety of the withholding of VA disability compensation for recouping $9,592.02 of separation pay on release from active duty.

A servicemember who has received separation pay under 10 U.S.C. § 1174, or separation pay, severance pay or readjustment pay under any other provision of law, based on service in the armed forces, shall not be deprived, by reason of his or her receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he or she is entitled under the laws administered by VA; but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received. 10 U.S.C. § 1174(h)(2); see 38 U.S.C. § 1174(g) (providing that the provisions of 10 U.S.C. § 1174(h) also apply to the payment of special separation benefits to members of the Armed Forces).

There are very limited exceptions to such recoupment, such as a sole survivorship discharge or where disability severance pay was received for disability incurred in the line of duty in a combat zone. See 10 U.S.C. §§ 1174(i), 1212(d). There is no argument or indication that these exceptions apply in this case.

Likewise, VA's implementing regulation provides, generally, that not more than one award of pension, compensation, or emergency officers', regular or reserve retirement pay will be made concurrently to any person based on his or her own service, except as provided in 38 C.F.R. § 3.803 (relating to naval pension) and § 3.750(c) (relating to waiver of retirement pay). 38 C.F.R. § 3.700; see 38 U.S.C. § 5304.

More specifically, where entitlement to VA disability compensation was established on or after September 15, 1981, a Veteran who has received separation pay may receive disability compensation for disability incurred in or aggravated by service prior to the date of receipt of separation pay subject to recoupment of the separation pay. 38 C.F.R. § 3.700(a)(5). Where payment of separation pay was made after September 30, 1996, as is the case here, or payment of special separation benefits under 10 U.S.C. § 1174a was made on or after December 5, 1991, VA will recoup from disability compensation an amount equal to the total amount of separation pay less the amount of Federal income tax withheld from such pay. Id.; see also VAOPGCPREC 12-96, (holding that VA must recoup from a Veteran's VA disability compensation the amount of "non-disability severance pay" received by the Veteran upon discharge from military service).

The Veteran's DD Form 214 shows that he was honorably discharged from the U.S. Army in May 2007 and lists the reason for separation from service as completion of service obligation. The DD Form 214 does not show any separation payment. Likewise, the Veteran did not indicate receipt of any separation payment on his initial application for VA disability compensation in August 2014. Nonetheless, in April 2020, VA was notified by the Defense Finance and Accounting Service (DFAS) that he had received $12,789.35 of gross separation pay, with a 25 percent federal tax withholding of $3,197.34, equaling a net separation pay of $9,592.02. VA then sent the Veteran a proposal to reduce his compensation benefits in April 2020 based on the information received from DFAS, and the current appeal process followed. In the notice, the AOJ incorrectly noted that the $9,592.02 amount was pre-tax; however, this appears to be a typo as it also included the actual pre-tax amount. This error is also harmless as the AOJ withheld the post-tax amount.

The Veteran has been in receipt of VA disability compensation at a 100 percent rate since his initial award from a December 2014 rating decision, effective August 7, 2014. At the time of the reduction in VA disability compensation, the Veteran was in receipt of $3,106.04 in disability payment per month. Beginning in July 2020, VA withheld all the Veteran's compensation to recoup the separation pay.

The Veteran has not disputed the amount or validity of the separation pay during the pendency of the appeal. However, he reported that the recoupment will create a financial hardship as he would not be able to pay his mortgage, utilities, or for necessities. In the alternative of forgiveness of this debt, he argues for a monthly payment plan, which parenthetically, should be addressed with the AOJ.

As noted previously, the record reflects that the Veteran received separation benefits upon discharge from service in May 2007 in the amount of $12,789.35. Thus, in accordance with the applicable regulation, because the Veteran was paid special separation benefits after pertinent dates in 1996 and 2001 noted above, VA must recoup from disability compensation an amount equal to the total amount of separation pay less the amount of Federal income tax withheld from such pay. 38 C.F.R. § 3.700(a)(5)(iii). 

In the April 2020 notification letter, as confirmed by DFAS, the RO determined that after a 25 percent federal tax withholding, the Veteran's net payment was $9,592.02. The regulations are clear that the gross amount of separation pay, after a 25 percent Federal tax withholding, will be recouped. The amounts calculated by VA and DFAS are the gross amount, which the Veteran has not disputed, minus the 25 percent Federal tax withholding. Accordingly, the recoupment of the payment of special separation benefits in the amount $9,592.02 from the Veteran's VA disability compensation payments is proper and required by law. 10 U.S.C. § 1174(h)(2); 38 C.F.R. § 3.700(a)(5).

Legislation has been enacted to allow certain Veterans to receive some measure of concurrent payments for both their retired military pay and their VA disability compensation. The two programs are known as Combat Related Special Compensation (CRSC) and Concurrent Retirement and Disability Payment (CRDP). However, neither of these programs benefits the Veteran in this case, as the Veteran did not complete 20 years of creditable service.

The Board is sympathetic to the Veteran's situation and to the financial hardship he experienced as a result of the recoupment of the benefits. However, the Board is unable to provide a legal remedy. See Owings v. Brown, 8 Vet. App. 17, 23 (1995), quoting Kelly v. Derwinski, 3 Vet. App. 171, 172 (1992) ("[T]his Court must interpret the law as it exists, and cannot 'extend... benefits out of sympathy for a particular [claimant].'"). Under the law, VA is required to recoup from disability compensation an amount equal to the total amount of separation pay less the amount of Federal income tax withheld from such pay. See 38 C.F.R. § 3.700(a)(5). Put another way, the regulation merely requires offsetting VA's own benefits payments by the amount of compensation received from the service department in order to prevent "duplication of payments," as required by law. VA does not have discretion to alter the terms of that withholding based on equitable principles, despite any resulting hardship to the Veteran. 38 U.S.C. §§ 503, 7104.

Because the law, rather than the facts, is dispositive of the outcome of this appeal, the benefit-of-the-doubt rule does not apply. Accordingly, the Veteran's challenge of the recoupment must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Jonathan M. Estes

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.